OWEN VAN VACTER and WIFE v. ABRAM A. M'WILLIE, Executor of Ann M'Willie.

1. TRUSTEE: RIGHT TO POSSESSION OF TRUST ESTATE.—An executor, who is also made trustee of the legal title to a legacy, but with no duty imposed on him by the will, the performance of which requires him to retain possession of the trust estate, cannot retain the possession thereof from the *cestui que trust* having the whole beneficial interest therein.

2. PROBATE COURT: JURISDICTION.—The Probate Court has jurisdiction to compel an executor to distribute to the legatee a trust estate left to him by the will.

APPEAL from the Probate Court of Madison county. Hon. J. M. Simmons, judge.

Ann M'Willie, by her last will and testament, bequeathed to her son, Abram A. M'Willie, who was also made executor, certain property "in trust for my (her) daughters, Ann and Sirzah, during their natural lives, and after death, to the issue of their bodies, respectively, who may then be living; said property not to be subject to the debts, contracts, or disposal of their present, or any future husbands."

She also made the following bequest:—"I give to my granddaughter, Ann Jane M'Cay, during her natural life, and after her death, to the issue of her body, who shall then be living, the following slaves," (naming them,) "with their future increase. The legal estate to said negroes to vest in my son Abram A., as trustee; as in case of my daughters, the said property not to be subject to the debts, contracts, or disposal of any husband my said granddaughter may hereafter marry," &c.

By a codicil to the will, she provided that the property named and described in the will, should be held by her two sons, Abram and William, as trustees, in trust, until all her debts were paid; and that said property should be kept together, and not divided until all her debts were paid.

Ann J. M'Cay, afterwards married Owen Van Vacter, and they filed their petition in the Probate Court of Madison county against said Abram A. M'Willie, the executor of Ann M'Willie, alleging that the debts had all been paid, and that said executor had refused to deliver the slaves bequeathed by the will to them, and praying that he might be compelled to distribute and deliver the same to the said Ann Van Vacter.

The executor appeared and demurred to the petition, upon the ground that the Probate Court had no jurisdiction of the matters therein alleged. The demurrer was sustained; and Van Vacter and wife appealed.

*Davis* and *Hill*, for appellants.

1. The Probate Court has jurisdiction to grant the relief asked for in the petition. The jurisdiction of that court is full and

ample, under the constitution, to settle all matters of testament and administration. That this legacy is a trust estate, makes no difference. *Blanlin* v. *King*, 2 How. 681; *Carmichael* v. *Browder*, 3 Ib. 258. This point has been expressly ruled in our favor by this court. *Rail* v. *Dotson*, 12 S. & M. 177.

2. The only duty imposed by the will on the trustee, requiring possession of the estate, is the payment of debts—having been performed, he is now the holder of the mere legal title, and as such, is not entitled to retain possession of the property. 3 Burrows, Rep. 1911.

*Tupper* and *Singleton*, for appellee.

1. It is manifest that the legal estate in the property is in the executor; and in the absence of any express provision in the will, the possession must follow the legal estate. 6 How. 143. The petitioners are mere *cestuis que trust*, and are not entitled to possession. There is no ground, therefore—no right in petitioners—on which to base their attempt to obtain possession of this legacy.

2. Besides, this property is held by the appellee, not as executor, but as *trustee*, appointed by the will; and therefore the Probate Court has no *jurisdiction*, either of the parties—trustee and *cestui que trust*—or of the subject-matter of the suit.

The jurisdiction of the Probate Court is confined by the constitution to "matters testamentary, and of administration," &c. It has no jurisdiction for enforcing trusts. This is peculiarly a matter of *equity jurisdiction*, and is confided by our constitution, exclusively to a court of chancery. The constitution says the Chancery Court shall have "full jurisdiction in all matters of equity." This court has held, (in *Carmichael* v. *Browder*, 3 How. 254,) that "*exclusive* jurisdiction was here intended to be given;" and that whatever are matters of equity, are confided *exclusively* to the Chancery Court. That *trusts*—that is the enforcing trusts—as between trustee and *cestui que trusts*, are peculiarly "matters of equity," and need not be elaborated before this court.

Although the trust be created by *will*, that fact does not exclude the jurisdiction of equity. *Wade* v. *Amer. Col. Society,*

7 S. & M. 663; and in the same case it is held, that "the fact that the Probate Court cannot give full relief, in case of such trusts, gives jurisdiction to the Chancery Court."

But it is insisted, that the Probate Court can take jurisdiction to determine the *amount of the legacy;* and having taken jurisdiction for one purpose, it can give relief in full. This is a mistake. The trust imposed upon A. A. M'Willie, to hold this property in trust for petitioner, and her issue, *cannot be executed by a delivery to petitioner.* *Winn* v. *Lee,* 5 Geo. Rep. 217. Hence, there is *no legacy* to the possession of which she is entitled; and even if she were entitled to the possession of this trust property, it must be obtained upon a due execution of the trust, which can be enforced only by a court of equity ; and this, upon the ground that the Probate Court cannot afford adequate relief. *Bains* v. *M'Gee,* 1 S. & M. 208.

A trustee, (though appointed by a will,) is not amenable to the Probate Court. This court has held, repeatedly, that strangers— the rights and liabilities of strangers; that is, others than administrators, executors, guardians, wards, and distributees—are not proper parties in the Probate Court; and the appellee, as trustee, certainly has no official or other connexion with the Probate Court.

*Franklin Smith,* on same side, filed an elaborate brief.

FISHER, J., delivered the opinion of the court.

This was a petition filed in the Probate Court of Madison county, to compel the appellee, as executor of the last will and testament of Ann M'Willie, to pay over to the petitioners a certain legacy, to which they alleged themselves entitled under said will. The clause of the will is as follows :—"I give to my grand-daughter, Ann Jane M'Cay, during her natural life, and after her death, to the issue of her body, who shall be living, the following negroes," (naming them.) After naming the slaves, &c., comes the following provision :—" the legal estate to said negroes to vest in my son, Abram A., as trustee, as in case of my daughters."

To this petition there was a demurrer, which was sustained by the court below, on the ground that the legal title to the property sought to be recovered, was in the executor.

It may be conceded, for the sake of the argument, that the naked legal title was in the executor, as trustee; but it is manifest, at the same time, that the will imposed upon him no duty, the performance of which made it necessary for him to retain the possession of the property. The whole beneficial interest was intended to be conferred upon the legatee, and this carried with it the right of possession.

Decree reversed, demurrer overruled, and cause remanded.