## MARY G. STONE, petitioner.

Norfolk.   Nov. 21, 1884. — Jan. 10, 1885.   FIELD & DEVENS, JJ., absent.

G., the grantee in a deed of real estate, executed a declaration of trust in relation to it, containing the following provisions: " To hold the same for the life of my daughters, C. and M., and of the survivor of them, for their sole use and benefit, free from the control or interference of any future husband, and to permit them to occupy and enjoy the same, free of rent, . . . . or at their discretion, with my approval, to let the same, and they or the survivor to receive the rents and profits thereof. . . . . And at their written request, or that of the survivor, I promise to convey the same forthwith, in fee, to such person as they or she in writing direct, free and discharged from any and all trusts created by said deed, or by this declaration of trust; reserving however to myself the right to reinvest the price received therefor in such other estate or property as they or the survivor of them may elect, I, or the then trustee, holding the same upon the same uses and trusts as are herein set forth. . . . . And upon the decease of either said C. and M. leaving children, I am to hold one half of the trust estate, or, in case of sale as above provided, one half of the proceeds, in trust for her children.  And upon the decease of the survivor prior to any such conveyance, I am to hold the estate in trust for their children, one half for the children

of each, at my discretion, reserving the right after their decease to convey any estate existing by virtue of this trust declaration in fee to any person, free and fully discharged from all trusts whatever. In the event of the decease of both my daughters leaving no children or grandchildren, this trust estate shall immediately cease, and all right therein revert to myself and my heirs, together with the estate hereby held. In the event of my decease previous to that of my daughters herein named, the estate held by virtue of said deed, and of these presents, shall be immediately conveyed to some other suitable person by my executor or administrator, to be held for the same uses and trusts, or, at the election of my said daughters, may be received by them toward their proportion of my estate, according to the laws of descent of the State of Massachusetts." C. and M. were the only children of G., who died intestate. C. died in the lifetime of G., intestate and unmarried. M. had one child living. *Held,* that M. could maintain a petition in equity for the termination of the trust.

PETITION IN EQUITY, filed January 28, 1884, for the termination of a trust.

The petition alleged that Seth K. Crowell, by a deed dated July 6, 1869, in which his wife, Mary H. Crowell, joined in her own right, conveyed to Asa Goodnow in fee simple certain real estate in Brookline, " but upon the special trusts and uses declared by said Asa in an instrument of even date, herewith to be recorded; " that by an instrument under seal, dated July 6, 1869, Asa Goodnow declared the special trusts and uses upon which he held the estate so conveyed to him, as follows:

" First. To mortgage the same back to said Seth K. Crowell for seven thousand dollars, being a part of the agreed purchase money, in the form and upon the terms of the mortgage signed by me of even date herewith, and with said deed.

" Second. To hold the same for the life of my daughters, Cynthia A. and Mary A. Goodnow, and of the survivor of them, for their sole use and benefit, free from the control or interference of any future husband, and to permit them to occupy and enjoy the same, free of rent, they paying the cost of insuring and repairing the same, the interest on said mortgage to Crowell, and all taxes to be levied or assessed thereon; or at their discretion, with my approval, to let the same, and they or the survivor to receive the rents and profits thereof, less insurance, interest, taxes, and costs of repair; and at their written request, or that of the survivor, to convey said estate in fee, and in mortgage for the security of money borrowed, either to pay off said mortgage to Crowell, or for other purposes, as they or the survivor and myself may deem expedient. And at their written

request, or that of the survivor, I promise to convey the same forthwith, in fee, to such person as they or she in writing direct, free and discharged from any and all trusts created by said deed, or by this declaration of trust; reserving however to myself the right to reinvest the price received therefor in such other estate or property as they or the survivor of them may elect, I, or the then trustee, holding the same upon the same uses and trusts as are herein set forth, and subject to the same conditions, terms, and restrictions in every particular as are herein mentioned. And upon the decease of either said Cynthia A. and Mary A. leaving children, I am to hold one half of the trust estate, or, in case of sale as above provided, one half of the proceeds, in trust for her children. And upon the decease of the survivor prior to any such conveyance, I am to hold the estate in trust for their children, one half for the children of each, at my discretion, reserving the right after their decease to convey any estate existing by virtue of this trust declaration in fee to any person free and fully discharged from all trusts whatsoever. In the event of the decease of both my daughters leaving no children or grandchildren, this trust estate shall immediately cease, and all rights therein revert to myself and my heirs, together with the estate hereby held. In the event of my decease previous to that of my daughters herein named, the estate held by virtue of said deed, and of these presents, shall be immediately conveyed to some other suitable person by my executor or administrator, to be held for the same uses and trusts, or, at the election of my said daughters, may be received by them toward their proportion of my estate, according to the laws of descent of the State of Massachusetts."

The petition further alleged, that, by deed dated July 6, 1869, Goodnow, as trustee for Cynthia A. and Mary A. Goodnow under said declaration of trust, mortgaged said estate to Seth K. Crowell for the sum of $7000, which mortgage was on December 8, 1869, duly paid and discharged of record; that Goodnow, as trustee, on July 1, 1870, mortgaged said estate to the Boston Five Cents Savings Bank, which mortgage is still outstanding and unpaid, and is now owned, by sundry mesne conveyances, by one Norcross ; that, except as above, Goodnow has made no conveyances of said estate, either in mortgage or fee

simple; that Goodnow, at the time of the above-mentioned conveyance to him, and until his death, had no wife; that Goodnow died, intestate, on December 25, 1881, and no successor in said trust has been appointed; that Cynthia A. and Mary A. Goodnow were the only children of Asa Goodnow; that Cynthia A. died on February 10, 1877, intestate, unmarried, and never having had issue; that Mary A. Goodnow, now Mary G. Stone, is the present petitioner, and has one child living, Margaret W. Stone, a minor, and has had one other child, who died on October 23, 1883, a minor and unmarried; that, by virtue and in execution of the provision in said declaration of trust, the petitioner expressed her election, and desired to receive said estate, free from said trust, as an inheritance from Asa Goodnow, according to the laws of descent of this Commonwealth; and that the petitioner is the sole heir at law of Asa Goodnow, and is entitled to the entire beneficial interest under said declaration of trust; and prayed that the trust might be decreed to be terminated, and for other and further relief.

The answer of the guardian *ad litem* of the petitioner's minor child admitted the allegations of fact stated in the petition to be true. At the hearing, before *Devens*, J., it was further agreed, that the petitioner, at the date of filing the petition, was of age; that Asa Goodnow, the creator of said trust, possessed personal property at the time of his death of the value of about $12,000, after deducting his debts; that the real estate, the subject matter of said trust, was assessed in May, 1883, for $15,000; and that it was subject to a mortgage on which there was due at said Goodnow's death the sum of $7000.

The case was reserved for the consideration of the full court; such decree to be entered as justice might require.

*H. D. Chapin*, for the petitioner.

*M. Williams*, contra.

C. ALLEN, J. The declaration of trust does not contemplate that the trust should, at all events and under all circumstances, be maintained for the benefit of the daughters' children, but it might at any time have been terminated by the concurrence of Goodnow and of his two daughters, or, in case one of the daughters had died, by his concurrence and that of the survivor. The various provisions referring to children of the daughters

are only intended to apply to the case of the death of a daughter, during the continuance of the trust, and do not require that the trust shall be continued until such death. By the death of Cynthia, leaving no children, Mary became sole beneficiary. No person thereafter had any interest in the trust estate except herself and her father. The rights of her children were not increased by the death of Cynthia. There is nothing to show that such children were to have any rights during the lifetime of their mother. The provision as to what should be done in the case of Goodnow's decease does not in terms cover the case of his decease after that of one of his daughters, and before that of the other; but, looking at the whole instrument, we think the survivor had all the powers which both would have had if both had survived him, or else that either daughter might exercise the power of election, under the last clause, the term "daughters" being used distributively. In either aspect, the petitioner is now entitled to have the trust terminated.

*Decree accordingly.*