THOMAS L. ANGELL, Trustee, *vs.* HARRY R. ANGELL *et als.*

JANUARY 22, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Trusts. Life Estates.*

Under a trust deed creating a series of life estates to take effect upon death of settlor for the benefit of R. for life, and after his death "for such children of R. now living, as are then living, for and during the term of their natural lives, etc.," the provision applies only to children of R., living at the date of the instrument who should survive.

(2) *Trusts. Rules against Perpetuities.*

In a trust deed creating a series of life estates to take effect upon death of settlor for the benefit of R. for life, and after his death "for the children of R. for life," provisions that in case of forfeiture the trustee may notwithstanding extend the provisions of the trust for the benefit of the children or descendants of R., during the remainder of their lives, are void, as leading to perpetuity.

(3) *Trust Deeds. Discretion in Trustee.*

Where a trust deed leaves the times, amounts, and method of payment of income to the discretion of the trustee, it is subject to a reasonable interpretation in view of the nature and amount of the income, the time when it becomes available, and the circumstances of the beneficiaries, etc., subject to the control of the court in case of unreasonable detention.

(4) *Wills.   Trusts.   Remainders.*

Testator by will devised to T. one undivided quarter part of his estate in trust for his son R. for life, with power to pay over both income and any part of the principal in the discretion of the trustee, and upon the death of R. to pay to the children of R. their proportionate part of said estate in such amounts and at such times as the trustee deemed suitable.

He further devised to his three other children, each "one undivided quarter part of the said remainder of my estate."

Testator thereafter by trust deed conveyed all his property excepting wearing apparel and furniture, the trust to continue in force after his death during the life of R. as to the same portion of the trust estate that R. would have inherited if settlor had died intestate, and after death of R. for his children during their natural lives:—

*Held,* that the will operated to dispose of the trust fund subject to the life estates, together with any other property of testator, which became subject to his will at his death and which was not included in the trust fund.

*Held,* further, that the word "remainder" was not used in its technical sense, but as referring to all his remaining estate after the payment of debts, etc., thus giving the remaining three-fourths of his estate in equal shares to his three other children.

(5) *Termination of Trust.*

A court of equity will decree the termination of a trust where there is no good reason for its further continuance.

BILL IN EQUITY for construction of trust deed and will, and certified to Supreme Court.

PARKHURST, J.   This is a bill in equity brought in the Superior Court for the construction of a trust deed and a will of the late Pardon Angell, for instructions to the trustee thereunder, and to terminate the trust.   The complainant is the trustee under the deed, and executor and trustee under the will of said Pardon Angell.   The bill is brought against the seven children of the late Rufus J. Angell, son of said Pardon Angell, also deceased; five of these children are of full age and each *sui juris*, and two are minors under guardianship.

The will of Pardon Angell was executed April 11th, 1892, and has been proved.   The trust deed of Pardon Angell was executed October 31st, 1896; Pardon Angell deceased December 19th, 1898; and his son, Rufus J. Angell, father of the parties defendant, deceased December 1st, 1904.   The two minor children, Ethel J. Angell, and Albert J. Angell, children of a

second marriage of Rufus J. Angell, were not born until after the execution of the trust deed.

A guardian *ad litem* has been appointed for the two infant respondents, Ethel J. Angell and Albert J. Angell, such guardian *ad litem* being their mother, and she being also their guardian duly appointed by a decree of the Municipal Court of the city of Providence. The guardian *ad litem* has filed an answer setting up her claims in behalf of her two children. The remaining respondents, children of the first marriage of the late Rufus J. Angell, have also filed an answer, setting up their contentions fully and completely.

There is no dispute concerning the facts of the case, the controversy being entirely over the construction of the terms of the trust deed and of the will.

The case is now before this court by certification, under C. P. A. § 338, for construction of the trust deed and the will, and to determine the interest of the heirs of Rufus J. Angell under said trust deed and will.

The trust deed conveys irrevocably to the trustee (as to the settlor, Pardon Angell) certain property, the income of which (with principal, if necessary) is to be devoted to the support of Pardon Angell for life; the property conveyed included all the real estate and personal property of the said Pardon Angell, except his wearing apparel and household furniture.

The trust deed then further provides as follows:

"Upon my decease and the payment and satisfaction of all the debts and expenditures herebefore mentioned and referred to, this trust shall continue in force during the Natural life of my son Rufus J. Angell as to the same fractional portion of the then trust estate that my son Rufus J. Angell would have inherited had I then died intestate, with all the powers discretionary and otherwise hereinbefore conferred upon the trustee, and the trustee shall pay over from time to time directly to said Rufus J. Angell, or pay and apply from all the income and principal of said new trust estate such sums as the trustee for the time being in his uncontrolled discretion shall deem advisable and proper for the comfortable support and maintenance of the said Rufus J. Angell during the term of his Natural

life, and for his assistance and general welfare, the times, amounts and methods of such payments being left absolutely in the discretion of the trustee for the time being, my purpose and object being to provide for every reasonable want and for every opportunity to benefit and assist my son Rufus J. Angell during the term of his Natural life, (but not to make any provisions for any indebtedness that is now due or owing from him, or for any indebtedness that hereafter becomes due or owing from him) and upon the death of said Rufus J. Angell or upon my death should I survive my son Rufus J. Angell, to stand seized of the then trust estate and property as a trustee for such children of Rufus J. Angell now living (and equally if more than one) as are then living and the children then living of any child of said Rufus J. Angell that has then deceased, (such children to take by representation and equally if more than one, the share their ancestors would have taken) for and during the term of their Natural lives with all the powers discretionary and otherwise hereinbefore mentioned, and in all respects as hereinbefore provided, except that said children are substituted as the beneficiaries.

"If at any time during the continuance of these trusts from and after my decease, my said son Rufus J. Angell, or any child or descendant of his by reason of insolvency or bankruptcy or by any proceedings by their creditors or by their voluntary alienation in anticipation of some or all of said trust estate or other means whatever shall cease to be personally entitled to the then trust property and estate, or any part thereof, or the same or any part thereof shall or but for this present provision would pass to or to the use or become vested in or payable to any other person than my said son or his children or descendants, then their right to the same or to such part thereof shall absolutely cease and determine and the same or such part thereof shall thereafter during the life of said party become a part of the residue of said trust estate to be disposed of therewith; but notwithstanding any such forfeiture; it shall be lawful for the trustee for the time being under this deed in his uncontrolled discretion, but without its being in any manner obligatory upon them so to do, to pay to, or to apply

to the use and benefit of my said son Rufus J. Angell or his children, or descendants (or to such person or persons as furnish them support, maintenance and assistance) from said property and estate and the income thereof during the remainder of their respective lives, such sums and at such times and for such purposes as they see fit without being otherwise accountable therefor.

"The trustee for the time being shall terminate all the trusts under this instrument at the date of my decease (except as hereinbefore stated as to the portion continued in trust for Rufus J. Angell and his children) by the payment and delivery of the remainder of the then trust estate equally to my other three children Thomas L. Angell, Josie F. Steere and Orra A. Angell, equally, free and discharged of and from all said trusts provided all three survive me, and in case I survive either of them, equally between the survivors of the three, except that should Mary F. Angell, the daughter of said Thomas L. Angell, be then living, she shall take the same share and interest that her father Thomas L. Angell would have taken if living."

The provisions of said will, so far as they are here material are as follows:

"Second. I give devise and bequeath to my son Thomas L. Angell one undivided quarter part of my estate both real and personal and wheresoever situate and lying, in special trust, nevertheless, for the uses and purposes following, that is to say: to invest said personal estate in such manner as in his judgment may seem best; to hold possession of said real estate or to sell and convey the same at public or private sale in his discretion, and to invest the proceeds of said sale in the same manner as provided for the said personal estate; and generally to receive the income of said real estate and of said investments, and to pay out the same together with any part of the principal of said estate, at his discretion, to my son Rufus J. Angell. And upon the death of said Rufus J. Angell said trustee shall pay over to any child or children of said Rufus J. Angell, his or their proportional part of said estate in such amounts and at such times as said Trustee shall deem suitable.

"Third. I give devise and bequeath to my son Thomas L.

Angell, and to my daughters Josephine F. A. Steere and Dora A. Angell, each one undivided quarter part of the said remainder of my estate, both real and personal wheresoever situate and lying, to them, their heirs and assigns forever."

The specific questions raised by the bill are as follows:

1.   Who are the persons entitled to the income under said trust deed, and how often shall said income be paid, and what are the respective interests under said trust deed that the said persons are entitled to in said estate?

2.   Who are the persons entitled to take under said will, and what interest. or estate do they take thereunder, respectively?

3.   When may the trusts mentioned in said deed and said will be determined, and the corpus of said estate be divided among the persons thereto entitled?

4.   If any of said persons are not entitled as a matter of right to receive his or her portion of the corpus of said estate, what discretion does said trustee possess to turn over to such person or persons his or her portion of said estate?

As to the first question, it is very evident from a careful reading of the deed of trust, as above quoted, that a series of life estates (to take effect upon the decease of the settlor) was created in one-fourth part of the estate, for the benefit of Rufus J. Angell for life; and after his death "for such children of Rufus J. Angell now living (and equally if more than one) as are then living   .   .   .   .   for and during the term of their natural lives," etc.   This provision so plainly designates the beneficiaries thereunder as to leave no room for doubt.   It applies only to children of Rufus J. Angell living at the date of the instrument who should survive; and therefore it can only include the five defendants of full age named in the bill, who are conceded to be all of the children of Rufus J. Angell who were living at the date of the deed and who survived his death.   It can not by any possibility be extended to include the other two minor defendants, who were not born until after the execution of the trust deed.   An attempt is made to extend the provisions of this trust to include these children by construction of the paragraph above quoted together with

the paragraph which follows, relating to provisions for forfeiture in the nature of the usual provisions of a spendthrift trust wherein it is provided that in case of forfeiture the trustee may, notwithstanding any such forfeiture, extend the provisions of the trust for the benefit of *the children or descendants* of Rufus J. Angell, in the uncontrolled discretion of the trustee, *during the remainder of their respective lives.* To dispose of this attempt, it is enough to say that no forfeiture has ever occurred, and it is only after forfeiture that these provisions would become operative in any event; furthermore, we are of the opinion that these provisions would be void in any event as providing for such a holding and disposition of the income during the life of *descendants* as would postpone the distribution of the estate to a period too remote, or in other words to lead to perpetuity. We decide, therefore, that the five defendants Harry R. Angell, Ruth Bertha Angell, Fred Walter Angell, Mary Winona Angell Whitaker, and Thomas Caleb Angell are the sole beneficiaries under the trust provisions of the said trust deed now in force, and are each entitled to one-fifth of the income thereunder during their lives. There is no provision in said deed as to the time of payment of such income, "the times, amounts and methods of such payments being left absolutely (3) in the discretion of the trustee." We can only say that this provision is subject to a reasonable interpretation in view of the nature and amount of the income, the time when it becomes available to the trustee for the purpose of distribution, and the circumstances of the beneficiaries, and possibly other facts and circumstances, none of which are in evidence; the trustee's discretion in this regard must be reasonably exercised, and would always be subject to the control of the proper court, upon suitable proceedings, in case of unreasonable detention of income.

As to the second question, "Who are the persons entitled to take under said will, and what interest or estate do they take thereunder, respectively?" It appears that said trust deed by its last clause above quoted disposed absolutely of three-fourths of the property conveyed thereunder to the persons named in said last clause, after the death of Pardon An-

gell; and we understand that those persons have received their portion of said estate from the trustee in accordance with said last clause.

(4)    What estate, then, did Pardon Angell leave, at his death, upon which his will could operate?    By his trust deed it appears that he reserved to himself at the date of the deed only his wearing apparel and his household furniture; and he did not finally dispose of the one-fourth of his estate conveyed in trust for the lives of Rufus J. Angell and his children, providing only for life estates in the income of said one-fourth, but making no disposition of the corpus of the trust fund unless a part or all of the principal should be paid over to the beneficiaries for their support by way of anticipation.    The will of Pardon Angell, then, could only operate upon his wearing apparel and household furniture (if any) belonging to him at his decease and upon such property (if any) as he may have acquired after the date of his trust deed; and upon the ultimate disposition of the trust fund in the hands of his trustee after the termination of the life estates.    It is also to be noted that the trust deed makes no disposition of any portion of income or fund in the event of the decease of either one of the beneficiaries entitled thereunder, leaving others surviving, and we cannot tell what would become of it in that event.    We can only judge of the intent of the settlor and testator by what he has left behind him; and in view of the imperfect and incomplete disposition of this trust fund under the deed, we think it was the manifest intention of the testator by leaving a will to have the trust fund disposed of thereunder.    We therefore decide that clause "Second" of the will operates to dispose of this trust fund subject to the life estates; and that the children of Rufus J. Angell, defendants herein, each take one-seventh of the trust fund under said clause "Second;" and that as soon as said trusts under said deed are determined, the defendants will each become entitled to the payment of one-seventh part of said trust fund as it shall then remain in the hands of the trustee for distribution; together with one twenty-eighth part of any other property left by the testator which became subject to his will at his death, and which may not have been al-

ready included in the trust fund.    It is true that the trustee has a large discretion as to amount and time of payment; but that discretion must be exercised reasonably and can not be exercised by the trustee in such manner as to delay payment to the children beyond the time reasonably necessary to make proper division.

As to the construction of the "Third" paragraph of the will, we are of the opinion, and so decide, that the testator meant to dispose of all of the rest of his estate, and not to die intestate as to one-fourth of the "remainder;" that he did not use "remainder" in any technical sense, or as having any reference to what was left after the disposition of one-fourth of his estate to the children of Rufus J. Angell, but as having reference to all his remaining estate after the payment of his debts, funeral charges, expenses, etc.    In other words, we think the plain intention of the testator was to give the remaining three-fourths of his estate in equal shares to the son and two daughters mentioned in the "Third" paragraph of said will.    We adopt this construction in the belief that it was so intended by the testator  and in accordance with the well-settled rule of construction of wills  to so construe them as to dispose of all the property of the testator, if it can be reasonably done, where it is evident that the testator intended to dispose of his whole estate, and not to leave any portion of it intestate.    *Boston Safe Deposit Co.* v. *Coffin,* 152 Mass. 95;  *Given* v. *Hilton,* 95 U. S. 591;   *Dove* v. *Johnson,* 141 Mass. 287;  *Snyder* v. *Baker,* 5 Mackey, 443;  *Scofield* v. *Olcott,* 120 Ill. 362;  *Phelps* v. *Phelps,* 143 Mass. 570;   *Appeal of Boards of Missions,* 91 Pa. St. 507.

We decide, therefore, that it was intended by the testator that each of the parties mentioned in the said "Third" paragraph should receive one-fourth part of the estate of the testator at his death, and that this provision has been wholly anticipated by the distribution made under the last clause of the trust deed; so that this "Third" paragraph has no effect, except so far as it may operate upon three-fourths part of any other property (if any) left by the testator which became subject to his will at his death.

(5)    As to the third question:  "When may the trusts mentioned

in said deed and said will be determined, and the corpus of said estate be divided among the persons thereto entitled?" We are of the opinion, and so decide, that said trusts may be determined forthwith. The trustee and all the beneficiaries now interested under said trust deed have joined in asking that the trusts thereunder be determined, and all are of full age and *sui juris*. As we have seen above, the minor defendants have no interest under the trust deed, while they have interests under the will. So that, although they object to the termination of the trusts under the deed, having no interest thereunder, they have no right to object. Furthermore, it is manifestly for their interest that the trusts under the deed be determined and the estate be distributed under the will, as in that way alone can they speedily realize anything out of the estate.

The main purpose of the trust under the deed, viz., the support of Rufus J. Angell, free of any interference by his creditors, has been fulfilled. The only obstacles to the determination of the trust, viz., the spendthrift provisions, as we have already decided, are void as leading to a perpetuity. We see no good reason therefore why these trusts may not be at once terminated and the fund in the hands of the trustee be administered forthwith under the provision of the will as construed above.

That a court of equity will decree the termination of a trust where there is no good reason for its further continuance, see *Taylor* v. *Taylor*, 9 R. I. 119, 127; *Cowing* v. *Dodge*, 19 R. I. 605; *Inches* v. *Hill*, 106 Mass. 575; *Tilton* v. *Davidson*, 98 Me. 55; *Hunnewell* v. *Lane*, 11 Met. (Mass.) 163; *Sears* v. *Choate*, 146 Mass. 395; *Van Vacter* v. *M'Willie*, 31 Miss. 563; *Thompson's Estate*, 10 Pa. Co. Ct. 472; *Seipe's Estate*, 11 Pa. Co. Ct. 27; *Armistead* v. *Hartt*, 97 Va. 316; Perry on Trusts, § 920; *Stone Petr.* 138 Mass. 476, 479; *Slater* v. *Hurlbut*, 146 Mass. 308, 315; *Bowditch* v. *Andrew*, 8 Allen, 339; *Taylor* v. *Huber*, 13 Ohio St. 288.

An answer to the fourth question becomes unnecessary, in view of the foregoing answers and decisions as to the previous questions.

On the whole case, therefore, we are of the opinion that the

trusts under the deed should be terminated forthwith, and that the estate in the hands of the trustee should be distributed in accordance with this opinion.

The parties in interest are advised to present a decree for carrying this opinion into effect, in order that the same may be approved by this court and ordered to be entered in the Superior Court.

*Louis L. Angell,* for complainant.

*William M. P. Bowen,* for respondents not infants.

*Terence M. O'Reilly and John C. Lynch,* for guardian *ad litem.*