KING *v.* O'TUCKOLOFA GUN & ROD CLUB.

(Division A.   May 3, 1937.)

[174 So. 83.   No. 32725.]

Stone & Stone, of Coffeeville, for appellant.

R. F. Kimmons, of Water Valley, for appellee.

Argued orally by **W. I. Stone**, for appellant, and by **R. F. Kimmons**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee, a corporation, exhibited an original bill of complaint against the appellant for the specific performance of a contract to renew a lease of land owned by the appellant, whose defense thereto is that the appellee has no interest in the renewal clause of the lease. The case was tried on bill, answer, and proof, resulting in a decree in accordance with the prayer of the bill.

In March, 1915, the O'Tuckolofa Gun & Rod Club was organized as an unincorporated association. The minutes of the club discloses the following: On March 25, 1915, "the following members were elected Board of Trustees, C. H. Hammond, S. L. Cox, J. W. Mauldin." On April 27th, on motion duly seconded, it was decided to have the O'Tuckolofa Gun & Rod Club, incorporated, and a committee was appointed for that purpose. The charter was afterwards secured, and the club was organized thereunder in December, 1915. On May 31, 1915, the lease here in question was executed by the then owners of the land, and recites that: "D. R. Wagner, and W. B. Wagner of the first part hereafter called the Lessors and Dr. S. L. Cox, C. H. Hammond, and J. W. Mauldin of the second part hereafter called the Lessees for an association or incorporation of individuals to

be known and called the O'Tuckolofa Gun and Rod Club the said D. R. Wagner and W. B. Wagner for and in consideration of $1.00 cash in hand paid, the receipt of which is hereby acknowledged and other good and valuable considerations including membership fee and all dues in O'Tuckolofa Gun and Rod Club, in favor of D. R. Wagner and W. B. Wagner, we, D. R. Wagner and W. B. Wagner do hereby grant, lease and demise unto Dr. S. L. Cox, C. H. Hammond and J. W. Mauldin, Trustees, for a term of twenty (20) years from this date all that certain lot or parcel of land lying and being situated in the second district of Yalobusha County, Mississippi (description of land omitted). . . . It is expressly agreed and understood that the Grantees herein or their successors in title may at the expiration of this lease renew the same for a period of twenty (20) years at their option upon the payment of the sum of one dollar ($1.00).''

The club thereafter entered into the use and occupation of the land, and has so continued. The land is now owned by the appellant. Prior to the expiration of the twenty-year period of the lease, the club tendered to the appellant $1 in cash, together with the following written instrument, which he declined to sign:

''Whereas the O'Tuckolofa Rod & Gun Club, a corporation, on May 31, 1915, leased certain property from D. R. Wagner and W. B. Wagner, described in the said lease which is of record in deed book 'T' at page 270-272 of the record of deeds in the office of the Chancery Clerk at Water Valley, Mississippi, and

''Whereas the title of the said lessors has passed and is now vested in L. D. King and

''Whereas the lessee desires now to execute its option of renewal of the said lease:

''Now therefore, in consideration of the premises and the payment by the O'Tuckolofa Rod and Gun Club to the said L. D. King of $1.00 (One Dollar), all of the terms and condition of the said lease are hereby renewed and

'extended for the further term of twenty years beginning May 31, 1935, and ending May 31, 1955." Whereupon this suit was begun.

There was no written assignment of the lease of the O'Tuckolofa Gun & Rod Club after its incorporation by the trustees therein, or any one else. When the lease was executed, Cox, Hammond, and Mauldin held the land therein described as trustees for the O'Tuckolofa Gun & Rod Club, a then unincorporated association, but the lease manifestly contemplated, as the event determined, that the association would become incorporated, for the benefit of which corporation the trustees would thereafter hold the land; consequently, when the unincorporated association thereafter organized under its charter, the use in the land passed from the unincorporated association to the corporation.

The trust created by the lease imposed no duties whatever on the trustees, and vested the mere naked legal title to the land in them for the use of the O'Tuckolofa Gun & Rod Club, which had the unrestricted right to the possession and use thereof. The club had "not a mere title to enter upon the property, but an actual estate" therein. 65 C. J. 519; Van Vacter v. McWillie, 31 Miss. 563. The English Statute of Uses, invoked by the appellee, has not been enacted in this state, but without it this equitable estate of the club in the land is "virtually equivalent in equity to the corresponding legal estate." 1 Pomeroy Equity Jurisprudence (3 Ed.), section 153. This being true, in equity the O'Tuckolofa Gun & Rod Club has the right to a renewal of the lease direct to it in its corporate capacity. The trustees could not have interfered therewith had they so desired, and had the lease been renewed in their names it would have immediately inured to the benefit of the O'Tuckolofa Gun & Rod Club, which could have called on and forced them to execute an assignment thereof to it, a roundabout proceeding unnecessary in a court of equity. These trustees have not only interposed no objection here-

to, but some, time after the filing of the bill of complaint two of them (the other being dead) in whom the trust survived, 1 Restatement, Trusts, section 103, unaffected by section 2113, Code of 1930, McAllister v. Plant, 54 Miss. 106, voluntarily became parties thereto and joined in its prayer.

The decree of the court below is correct, and will be affirmed.