S. E. & H. L. SHEPHERD CO. *vs.* JOHN W. SHIBLES et als.

SAME *vs.* SAME.

Knox.    Opinion June 23, 1905.

*Deed.    Construction.    Reservation.*

1.  A deed of warranty containing all the covenants usually found in such a deed, states that it gives, grants, bargains, sells and conveys to the grantees, their heirs and assigns forever, a certain parcel of land therein described, with all the privileges and appurtenances thereof, and then further says "meaning to convey only a right of way across the same ; and reserving the right to take limerock from the same." *Held:* that this deed conveyed the fee to the premises therein described with a reservation of the right to take limerock therefrom.

2.  It is a well settled rule of law that in construing a deed, general words are not restrained by restrictive words added, where such words do not clearly indicate the intention and designate the grant; also that a grant shall be taken most forcibly against the grantor.

3.  The modern doctrine with respect to the construction of deeds is that they shall be made to carry out the intention of the parties, if practicable, when no principle of law is thereby violated. This intention is to be ascertained by taking into consideration all the provisions of the deed as well as the situation of the parties to it.

On report.

In the first suit, judgment for plaintiff against defendants, Edward Bryant and Edward B. Kent, and judgment for the other defendant, John W. Shibles.

In the second suit, judgment for the defendants.

Two actions based upon precisely the same facts. The first is trespass quare clausum wherein the defendants are charged with breaking and entering, with force and arms, the plaintiff's close situate in Rockport in the County of Knox, and committing certain acts of trespass thereon. The second is an action on the cases and charges the defendants with the acts specified in the declaration in the first action. The evidence was taken out at the September term, 1903,

of the Supreme Judicial Court, Knox County. After the evidence
on both sides was concluded, it was agreed that the case be reported
to the Law Court "for that court to pass upon and decide all ques-
tions of law and fact involved."

The case is sufficiently stated in the opinion.

*C. E. & A. S. Littlefield,* for plaintiff.

*D. N. Mortland,* for defendants.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE,
     PEABODY, SPEAR, JJ.

SPEAR, J. This case involves two actions both based upon pre-
cisely the same state of facts. The first is trespass quare clausum,
wherein the defendants are charged in the usual form with entering
the plaintiff's close situated at Rockport, in the county of Knox, and
with erecting upon said premises spars and posts for the support of
derrick guys and digging up said close and planting anchorages for
guys therein, and running guys over and securing them in said close,
and thereby greatly encumbering and damaging the same and prevent-
ing the plaintiff from having full and free use thereof.

The second is an action on the case and charges the defendants
with the acts specified in the first count, upon the premises of the
plaintiff located at Rockport and bounded and described as follows:
Beginning on the road leading from Simonton's Corner to the late
Alexander Harrington's at the line formerly dividing the land of
Abel Merriam et als., from the land of S. E. Shepherd et als., at the
northwest corner of the present quarry lot; thence N. about 70 deg.
E. by said Thorndyke Quarry lot 75 feet to a stake and stones;
thence westerly 152 feet to the road first mentioned, passing through
a point 110 feet on the easterly line of said road to the place of begin-
ning; thence S. by said road 110 feet more or less to the place of
beginning, whereby the owner of said premises was deprived of their
use and benefit.

The declaration in the first writ describes that portion of the
Thorndyke farm owned by S. E. & H. L. Shepherd Co., and included
within its limits the premises described in the declaration of the second

writ. The latter premises, alluded to in the testimony and upon the plans as the triangular piece, is the locus of the real controversy in this case, the trespass, if any, set out in the first writ being technical, the right to stretch and hitch the derrick guys on some portion of the premises therein described being unauthorized. The foundation for the derrick and the erection thereof and the depositing of the debris complained of, were all done within the limits of the triangular piece. The defendants claim that they have a right to occupy and use the triangular piece and land therein described, for the purposes for which they were using it, by virtue of the following deed from Abel and Wilson A. Merriam, to John H. Eells, John W. Shibles and Wilson A. Merriam, without date but acknowledged July 2, 1887, described in the premises therein conveyed as follows: A certain lot or parcel of land situated in said Camden and described as follows to wit: Beginning on the road leading from Simonton's Corner to the late Alexander Harrington's on land formerly S. E. and H. L. Shepherd's; thence by said Shepherd's land N. 70 deg. E. 75 feet to a stake and stone; thence westerly 152 feet to the road first mentioned at a point 110 feet on line of said road from place of beginning; thence southwesterly 22 deg. 40 min. E. by said road 110 feet to place of beginning, meaning to convey only a right of way across the same; and reserving the right to take limerock from the same. This was a warranty deed containing all the convenants usually found in such a deed.

The plaintiffs assert title to this same piece of land by virtue of a deed from Abel and Wilson A. Merriam the same grantors under whom the defendants claim title under the above described deed. It is conceded that at the date of the defendants' deed title to this lot was in Abel and Wilson A. Merriam. On the 23d day of October, 1895, the S. E. & H. L. Shepherd Co., the plaintiff, purchased of Abel and Wilson A. Merriam lot 2, as delineated upon a plan used in evidence, and within the boundaries of that lot is situated the triangular piece in question. By virtue of this deed the plaintiff also claim a title by fee in the triangular piece, excepting, as its deed specifies, "the right of way across the triangular piece." Admitting

without deciding that an action on the case will lie in favor of the plaintiff for consequential damages and injuries to its freehold, then the question of the liability of the defendants depends upon the construction of their deed.   If it conveyed to them in fee, if for only a right of way, they are not liable; if it conveyed to them simply the right of way, then they had no right to encumber it as they did, and would be liable.   As will be seen from an examination of the deeds cited above, Abel and Wilson A. Merriam in 1887, long prior to the date of the plaintiffs' deed, by their warranty deed conveyed to Eells, Shibles and Merriam, the defendants' lessors, this identical piece of land now under contention, by metes and bounds, and as their deed says, it gives, grants, bargains, sells and conveys to the grantees, their heirs and assigns forever, the parcel of land described, with all the privileges and appurtenances thereof, and then further says, "meaning to convey only a right of way across the same; and reserving the right to take limerock from the same." Does this deed convey a fee or a right of way, an easement?   Are the grantors bound by what they actually in express and unambiguous words conveyed or by what they said they *meant* to convey?   Under the circumstances of this case we are of the opinion that the deed conveyed a fee.

A reservation is of a thing not in being but newly created out of the lands and tenements devised.   "A reservation is said to vest in the grantor some new right or interest not before in him, operating by way of an implied grant." *Engel* v. *Ayer*, 85 Maine, 453.   A reservation does not necessarily mean that "something not in being and newly derived from the thing granted" must be some right that the grantor did not before possess in connection with the use of the land granted.

"A right of way over land conveyed may be reserved; and yet the grantor had the same right to pass over the land before the conveyance, but it would not have existed as a separate thing; and when the land is granted and the right of way reserved, that right becomes in the sense of the law a new thing derived from the land." *Gay* v. *Walker*, 36 Maine, 54.   The same rule will apply to the reservation of light, although the grantor may have had a free flow of light before the grant.   Such reservation may be good as something,

not in the sense of the law before existing, but derived from the thing granted. The clause in the deed of the grantors under which the defendants claim, "and reserving the right to take limerock from the same" must be regarded, under the rules of law, as a reservation, although of course the grantors could have taken limerock from the premises before the grant.

The grantors in this deed did three things which we may consider as important not only in determining the legal construction of the deed, but also the intention of the parties, provided the terms of the deed will, without a violation of well settled principles of law, permit of the latter consideration. First, the grantors made an absolute conveyance of the land in question, by warranty deed, by metes and bounds, in express and unambiguous words; second, they said they meant to convey only a right of way; third, they reserved the right to take limerock from the same. The first is in terms an express grant of the premises. The third is a reservation, a new right or interest, "operating by way of an implied grant," *Engel* v. *Ayer*, supra. The implied grant must necessarily be from the grantees of this deed. Now, going back to the definition of a reservation, we find the first and third things which the grantors did, in conveying this piece of land, are entirely consistent with each other. The first was an absolute grant and the third could not exist without such a grant, being some new thing growing out of the grant. But the second thing they did is entirely inconsistent with each of the others separately and to both of them combined. A right of way is an easement. An easement is an entirely different thing from the fee. "The fee in the land is to be regarded as distinct from an easement in the same. The fee may be in one, the easement in another. The demandant having the fee, is entitled to recover, notwithstanding the tenant may have an easement in the passageway for the use of the mill." "The owner of fee in land may maintain a writ of entry to establish his title against the owner of a perpetual right to use it for a passageway." *Bank* v. *Morrison*, 88 Maine, 163.

If this is the law it would seem absurd for the grantors to attempt to create a reservation to take limerock when they had conveyed no limerock, upon which such a reservation could be based. Besides if

they had conveyed only a right of way, the right to take limerock would be inconsistent with the grant, for the taking of limerock might at any time completely destroy the right of way. The express grant and the clear reservation which the grantors inserted in their deed are entirely inconsistent with and repugnant to the words restricting the grant to an easement. If the grantors had reserved a right of way it would have been consistent with their grant, as before noted. But to say that they conveyed only a right of way, by the limiting words used in their deed, in contradiction of their own express language, making a grant, and in defeasance of a clause creating a reservation, depending upon the grant, would, we think, give to these words conveying only an easement, an interpretation repugnant to the express grant going before, and contradictory to the express reservation coming after, the words creating such easement; and also in violation of the well settled rules of law that general words are not restrained by restrictive words added, when such words do not clearly indicate the intention and designate the grant; and that every man's grant shall be taken most forcibly against himself. *Field* v. *Huston*, 21 Maine, 69. It is clear that if the easement stands the grant and the reservation must both fall.

Our conclusion is that under the rules of construction the grant and the reservation should stand and the grantors should be held to have conveyed to the grantees by their deed of July 2, 1887, the fee in the triangular piece of land described therein.

The modern doctrine with respect to the construction of deeds is that they shall be made to carry out the intentions of the parties if practicable when no principle of law is thereby violated. This intention is to be ascertained by taking into consideration all the provisions of the deed as well as the situation of the parties to it. *Pike* v. *Munroe*, 36 Maine, 309; *Esty* v. *Baker*, 50 Maine, 331; *Bates* v. *Foster*, 59 Maine, 157; The rule, that in a question of doubt the deed must be construed more favorably to the grantee, is too familiar to need citation.

While the conclusion already reached renders it unnecessary to further discuss the question of intention, it may be said in passing, that from the terms of the deed itself, the inference is irresistible that

the grantors thought they had conveyed the fee from the fact that they reserved, not the limerock, but the right to take it. We think the grantors intended to deed the triangular piece to the grantees for a right of way, reserving the right to take the limerock which, we may infer from all the circumstances of the case, was the only thing of value to them or which they cared anything about. They were not particular what they conveyed as long as they retained the right to take the only thing of real value to them, the limerock. At the time of this conveyance no conflicting interests were involved and as long as the substance of the conveyance was preserved but little attention was paid to the language employed in the deed to secure it. Without discussing the evidence further, it seems quite clear that the grantors intended to convey the fee.

This disposes of the second suit, the action on the case, in favor of the defendants. But the first suit, trespass quare clausum stands upon a different ground. The locus described in this writ embraces not only the triangular piece but considerable territory around it, the title and possession of which were unquestionably in the plaintiffs. It is also proven beyond controversy that some of the anchorages and one guy rope of the derrick set upon the triangular piece, and the spar over which another guy rope runs, were upon the land of the plaintiff outside the triangular piece, which the defendant had no right to occupy. We do not understand that the defendants, Edward Bryant and Edward B. Kent deny their guilt for technical trespass for the acts above specified, but John W. Shibles the other defendant strenuously controverts the charge of liability against himself. He testifies without contradiction, except in a general way, that he had nothing whatever to do with the setting of the derricks, or where the guys should be placed, but that this matter was in the hands of another person, and was no part of his duty, which was simply to quarry the rock. On cross examination he is not even asked if he either directed the setting of the derrick and guys or personally aided in the work. George A. Arey the superintendent of Bryant and Kent also says that Shibles had nothing whatever to do with the setting of the derricks, either by way of direction or personal assistance, but that they were set up under the instructions of Mr.

Kent and the actual labor done by a Mr. Sweetland of Rockland. He says emphatically that Mr. Shibles had nothing to do with it. Now we find no evidence in this case that connects the defendant Shibles with any trespass with respect to the derricks and guys, except by inference based upon the fact that he had charge of quarrying the limerock. No witness pretends to have seen Shibles doing anything by way of direction or work in connection with any of the acts of trespass complained of outside of the triangular piece of land. When the question of Shibles' liability was being asserted by counsel for the plaintiff and strenuously denied by counsel for the defendant, at the trial, Mr. Shepherd in answer to a question as to who had control, answered, "from my observations Mr. Shibles had absolute control of the operations of the quarry, Mr. John W. Shibles." Upon cross examination Mr. Shepherd is unable to recall a single specific instruction he had heard Shibles give to the men. Nor does he testify to any act of trespass outside the triangular piece on the part of Shibles. The burden of proof is upon the plaintiff to show by a fair preponderance of the evidence that Shibles had something to do with the erection of the derricks and guys, outside the triangular piece in controversy, but it seems to us that upon this point the evidence preponderates the other way.

> *In the first suit judgment for the plaintiff against the defendants, Edward Bryant and Edward B. Kent for damages in the sum of one dollar. Judgment for the other defendant, John W. Shibles. In the second suit judgment for the defendants.*