DAVID D. STEWART AND JOSIAH C. TOWLE

*vs.*

ABIAL E. LEONARD.

Somerset.     Opinion November 2, 1907.

*Waiver. Officer. Execution. Failure to Arrest. Liability of Officer. Referee's Report. Conclusiveness of Same. Estoppel. R. S., chapter 117, section 5.*

A waiver is the voluntary relinquishment of some known right, benefit, or advantage, and which, except for such waiver, the party otherwise would have enjoyed.

Although a waiver is essentially a matter of intention, yet such intention need not necessarily be proved by express declarations, but it may be inferred from the acts and conduct of the party.

That part of section 5, chapter 117, Revised Statutes, reading "and no officer is required to arrest a debtor on execution, unless a written direction to do so, signed by the creditor or his attorney, is endorsed thereon, and a reasonable sum for such fees is paid or secured to him, for which he shall account to the creditor as for money collected on execution," provides a right for the officer's benefit, but this right the officer may waive and proceed to enforce the execution as if there were no such statutory provision.

In the case at bar, which was an action against the defendant, a deputy sheriff, for failure to serve an execution by arrest of the judgment debtor therein named, the referee, to whom the cause was duly referred, among other things, reported as follows : "I overrule all the other excuses of the defendant and find the defendant is liable for not serving the execution, unless the fact that the written direction for arrest contained in the letter was not indorsed upon the execution itself, is a legal excuse under the following circumstances, viz. : The defendant did not return the execution to the plaintiffs or their attorney for such indorsement, nor did he apprise any of them of the lack of such indorsement, nor did he give any other reason for not serving it other than that the debtor claimed the judgment was wrong. He retained the execution as already stated till September 18, after the debtor had left the State. The plaintiffs' attorney supposed the debtor had been arrested as ordered. . . . . I submit to the court the question of the defendant's liability upon the foregoing facts."

*Held:* (1) That the only question before the court under the referee's report is whether the defendant is legally excused from liability for not arresting the execution debtor because there were no written directions to arrest indorsed upon the execution itself.

(2)  That the question whether the facts found by the referee supported the plaintiffs' declaration is not open before this court, having been passed upon by the referee whose determination thereon is final, in the absence of fraud, prejudice or mistake.

(3)  That the defendant waived his right to have the directions to arrest indorsed on the execution and is estopped from claiming the benefit of that right in defense of his liability for not serving the execution by arrest.

On exceptions by plaintiffs.   Sustained.

Action against the defendant, a deputy sheriff, for failure to serve an execution running against the body by arrest of the judgment debtor.

The action was brought in the Supreme Judicial Court, Somerset County, and by agreement of the parties and by rule of court duly issued, was referred "to the determination of Judge Lucilius A. Emery to be heard on legal principles ; the report of whom to be made as soon as may be ; judgment thereon to be final.   And if either party neglect to appear before the Referee, after due notice given, then the said Referee to proceed exparte."

A hearing was had before the referee who duly filed his report. (The report is stated in full in the opinion.)   Upon this report, at the March Term, 1907, of said Supreme Judicial Court, the presiding Justice ordered judgment for the defendant.   Thereupon the plaintiffs took exceptions.

The case appears in the opinion.

*D. D. Stewart,* for plaintiffs.

*Joseph B. Peaks and Walton & Walton,* for defendant.

SITTING :   WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

KING, J.   Action against a deputy sheriff for failure to serve an execution by arrest of the debtor.

The referee, to whom the cause was referred by agreement and by rule of court, made the following report :

"(Referee's Report.)

"Pursuant to the foregoing rule I gave the parties due notice of the time and place fixed for hearing the said cause, at which time and place the parties and their counsel appeared before me and I

fully heard their evidence and arguments and have maturely considered the same and now make the following report and award.

"I find facts as follows:—Sept. 1, 1900, the plaintiffs, through their attorney, Mr. Brown, sent by mail to the defendant, then a deputy sheriff at Milo in Piscataquis County, an execution, running against the body of one Parker, then a resident of another state, but commorant in said Milo, issued from the Supreme Judicial Court for Somerset County on a judgment recovered in said Court. No direction to arrest the debtor nor any other direction was indorsed on the execution itself, but in a letter sent with the execution in the same envelope, Mr. Brown as attorney for the plaintiffs gave explicit written directions to the defendant to arrest the debtor at once. The defendant received the execution and the letter the same day. The next day he went to the debtor and showed him the execution and the order to arrest, and asked him to pay the amount. The debtor claimed that the judgment could not be valid as he had been duly discharged in insolvency. After some conversation they went to the office of Mr. Durgin, the attorney of the debtor. Mr. Durgin also claimed there had been a discharge in insolvency barring the debt. They, the debtor and Mr. Durgin, desired the defendant to delay serving the execution and allow them a reasonable time in which to obtain evidence of the discharge, or a supersedeas, before making the arrest. To this the defendant consented and made no arrest. The debtor some two weeks afterward left the State leaving no property in the State. Learning of this the defendant, having retained the execution till then, handed it back to Mr. Brown, Sept. 18.

"No supersedeas was obtained nor was any petition for review brought, the attorney concluding there was no ground for it. The judgment and execution were valid and I overrule all the other excuses of the defendant and find the defendant is liable for not serving the execution, unless the fact that the written direction for arrest contained in the letter was not indorsed upon the execution itself, is a legal excuse under the following circumstances, viz:

"The defendant did not return the execution to the plaintiffs or their attorney for such indorsement, nor did he apprise any of them

of the lack of such indorsement, nor did he give any other reason for not serving it other than that the debtor claimed the judgment was wrong. He retained the execution as already stated till Sept. 18, after the debtor had left the State. The plaintiffs' attorney supposed the debtor had been arrested as ordered.

"It was conceded at the hearing, and I find, that the debtor had sufficient means, and that if the defendant is liable upon the foregoing facts for not serving the execution as directed in the letter, the damages are the amount of the judgment and interest.

"I submit to the court the question of the defendant's liability upon the foregoing facts. If he is liable, judgment is to be for the plaintiffs for the sum of one hundred and seventeen dollars and fourteen cents with interest thereon from October 3, A. D. 1889 and for costs of reference taxed at five dollars and costs of Court to be taxed by the Court. If he is not liable under the facts stated, then judgment is to be for the defendant for costs of reference taxed at five dollars, and costs of Court to be taxed by the Court."

"Dec. 27, 1905."

Upon the report of the referee the court below ordered judgment for the defendant. The case is before the Law Court on plaintiffs' exceptions.

Defendant's counsel has urged upon us the consideration that the facts found by the referee do not support the declaration. That question, however, is not before us. The referee has passed upon that, and all other defenses, save only the one which he has submitted to the court. He says :

"The judgment and execution were valid and I overrule all the other excuses of the defendant and find the defendant is liable for not serving the execution, unless the fact that the written direction for arrest contained in the letter was not indorsed upon the execution itself is a legal excuse under the following circumstances, viz :"

It is well settled that a referee under such a reference has full power to decide all questions arising, both of law and of fact, and and in the absence of fraud, prejudice or mistake, his decision is final. *Savings Bank* v. *Herrick,* 100 Maine, 494, and cases cited.

The only question before the court, as expressly limited in the

report of the referee, is whether the defendant is legally excused from liability for not arresting the execution debtor because there were no written directions to arrest indorsed upon the execution itself.

By sect. 5, chap. 117, R. S., it is provided: "and no officer is required to arrest a debtor on execution, unless a written direction to do so, signed by the creditor or his attorney, is indorsed thereon, and a reasonable sum for such fees is paid or secured to him, for which he shall account to the creditor as for money collected on execution."

Under this statute an officer is not "required" to arrest unless the statute is complied with ; but his authority to do so under the execution is unchanged. The statute provides a right for the officer's benefit; he may, if he choose, waive that right, and proceed to enforce the execution as if there were no such statutory provision.

Did the defendant, in the case at bar, waive his right to have the direction to arrest the debtor indorsed on the execution?

A waiver is the voluntary relinquishment of some known right, benefit or advantage, and which, except for such waiver, the party otherwise would have enjoyed. *Peabody* v. *Maguire*, 79 Maine, page 585.

Although a waiver is essentially a matter of intention, yet such intention need not necessarily be proved by express declarations, it may be inferred from the acts and conduct of the party. In *Farlow* v. *Ellis et al*, 15 Gray, page 231, Shaw, C. J., defines waiver and the species of proof by which it may be established in these words : "Waiver is a voluntary relinquishment or renunciation of some right, a foregoing or giving up of some benefit or advantage, which, but for such waiver, he would have enjoyed. It may be proved by express declaration ; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage ; or by a course of acts and conduct, or by so neglecting and failing to act, as to induce a belief that it was his intention and purpose to waive."

Bishop in his work on Contracts, says, at section 792 :

"Waiver is where one in possession of any right, whether con-

ferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it.   Thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterwards."

Let us apply these rules in the present case.   The defendant is presumed to have known that he was entitled by law to have the directions to arrest indorsed on the execution.   On receipt of the execution, without such indorsement, he did not return it to the plaintiffs, or their attorney, or apprise them of the want of such indorsement, which good faith, at least, required him to do, if he did not intend to enforce it for that reason.   On the other hand he went to the debtor at once, "showed him the execution and the order to arrest," thereby informing the debtor of the intention of the creditor to have the execution enforced against him,— an act on the part of the defendant, an officer of experience, utterly inconsistent and irreconcilable with an intent and purpose not to enforce the execution.   He gave the debtor to understand that he intended to arrest him then and there.   The report states that :   "They, the debtor and Mr. Durgin, desired the defendant *to delay serving the execution* and allow them a reasonable time in which to obtain evidence of the discharge, or a supersedeas, *before making the arrest.* To this the defendant consented and made no arrest."   The defendant kept the execution for eighteen days, until after the debtor left the state, and gave no reason for not serving it except that the debtor claimed the judgment was wrong.

The conduct and acts of the defendant, as shown by the report, are so inconsistent with an intention on his part to claim his privilege not to enforce the execution as directed in the letter because the direction was not indorsed thereon, and they so clearly manifest an intent and purpose on his part not to claim that privilege, but to dispense with it, and act upon the directions contained in the letter, that we are induced to believe that he waived his right and privilege to insist upon having the direction to arrest indorsed on the execution.

Having waived his right to have the statute complied with he is

estopped from claiming the benefit of it in defense of his liability for not serving the execution by arrest.

See *Perkins* v. *Pitman*, 34 N. H. 261; *Carlisle* v. *Soule*, 44 Vt. 265.

It follows that the judgment of the court below should be reversed, and the entry must be,

> *Exceptions sustained. Judgment to be entered in the court below for the plaintiffs in accordance. with the stipulation in the referee's report.*