EDWARD W. PENLEY vs. GEORGE N. EMMONS.

Oxford.    Opinion February 19, 1918.

*Cardinal rule to be applied in interpretation of deeds.    Meaning of word "timber."*
*Where a licensee has the right to cut and remove timber without*
*limitation as to time, what shall be considered a reason-*
*able time in which to remove same.*

This is an action of trover brought to recover the value of eighteen cords of poplar pulp-wood cut and piled on a tract of land situate in the town of Greenwood. On report, such judgment to be directed as the law and facts require.    The defendant admits the taking and conversion, but denies the plaintiff's title to the property in question.    The case involves the construction of a deed and the rights of the plaintiff thereunder.

*Held:*

1.    The cardinal rule for the interpretation of deeds is the expressed intention of the parties, gathered from all parts of the instrument, giving each word its due force, and read in the light of existing conditions and circumstances.    It is the intention effectually expressed, not merely surmised.    This rule controls all others.    Technical rules of construction of deeds may be resorted to as an aid in getting at the intention.    And technical rules may be controlling, when nothing to the contrary is shown by the deed.    The ancient rigidity of technical rules has given way in modern times to the more sensible and practical rule of actual expressed intention.

2.    The grant of trees or timber, or particular kinds of timber trees, is a grant of the growth standing at the time of the grant.    If the grant limit itself by size of tree, age or adaptability for specified uses, then the particular described tree would pass and none other.    But where there is no limitation of that character, and the grant is of standing timber, to be taken off in the future, the common understanding is that the grantee may cut timber from the lot until the present growth, suitable for the purpose, shall have been exhausted, or until the right to cut shall have expired by limitation, either express or implied.

3.    This rule is two-fold in its nature, viz: what may be cut under the grant and when the right to cut may expire.    The time limit for cutting may be expressed in the deed.    When not so expressed the cutting is limited to such as may be done within a reasonable time.

4.    The court is of opinion that a period of more than twenty years is not a reasonable time within which to cut sixty dollars worth of growth, that the time within which this plaintiff might cut had long since expired, and hence his right to cut had also expired.

Action of trover.  At nisi prius a special verdict was returned in favor of the plaintiff, and case was thereupon reported to Law Court upon certain agreed statements.  Judgment in accordance with opinion.

Case stated in opinion.

*James S. Wright,* for plaintiff.

*Charles O. Small,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, KING, BIRD, HANSON, PHILBROOK, JJ.

PHILBROOK, J.  This is an action of trover brought to recover the value of eighteen cords of poplar pulp-wood cut and piled on a tract of land situate in the town of Greenwood.  The case is before us on report, such judgment to be directed as the law and facts require.

The defendant admits the taking and conversion, but denies the plaintiff's title to the property in question.

The plaintiff claims title by virtue of certain deeds.  On June 20, 1893, in consideration of sixty dollars, Joseph R. Emmons conveyed by deed to Justin E. McIntire and Ira Johnson "a certain lot or parcel of poplar, bass-wood and white birch timber, and all of said timber" on two tracts of land, and in the same deed gave the grantees "the right to enter and remove the same at their convenience." McIntire and Johnson conveyed to Fred C. Verrill, and Verrill to the plaintiff, their respective right, title and interest to the property described in the deed from Emmons to McIntire and Johnson.

According to the report, the plaintiff claims that these deeds conveyed all poplars which were standing and growing at the date of the deed, while the defendant claims that the deed conveyed only such poplars as were, at the date of the deed, sufficient in size to be suitable for pulp-wood, or for commercial or manufacturing purposes.  In his brief the plaintiff further contended that the grantees in the deed of June 20, 1893, were to have all the time necessary for removing the poplar, bass-wood and white birch, until it was all removed, that they had a right to convey, with right of removal, whatever growth they did not see fit to remove at the time they first removed such growth as they claimed, and that as long as there was any pulp-wood suitable to be removed, which was in existence of any size at the date of the

deed, the right of removal might be exercised whenever it became of suitable size to use. It will be noted that the poplar wood is the only kind which is the subject of controversy in this suit.

In addition to the claim made by the defendant as above set forth in the report, he further claimed in his brief that the right of removal was given only to the grantees named in the deed of June 20, 1893, and not to their heirs and assigns; also that the right of removal should have been exercised within a reasonable time, and that a period of twenty years, or more, is not a reasonable time.

The decision as to the rights of the parties in this case requires an interpretation of the deed and an examination of the law governing transactions properly growing out of the deed.

This court has well said that the cardinal rule for the interpretation of deeds is the expressed intention of the parties, gathered from all parts of the instrument, giving each word its due force, and read in the light of existing conditions and circumstances. It is the intention effectually expressed, not merely surmised. This rule controls all others. Technical rules of construction of deeds may be resorted to as an aid in getting at the intention. And technical rules may be controlling, when nothing to the contrary is shown by the deed. The ancient rigidity of technical rules has given way in modern times to the more sensible and practical rule of actual expressed intention. *Perry* v. *Buswell*, 113 Maine, 399, and cases there cited.

The parties to this suit differ diametrically as to the meaning of the word "timber" used in the deed of June 20, 1893. Bouvier says that the term now seems to include all sorts of wood from which any useful articles can be made, or which may be used to advantage in any class of manufacture or construction.

In *Nash* v. *Drisco*, 51 Maine, 417, our court said that the word timber, in its etymological sense, might embrace nothing but materials for building or manufacturing purposes, and held that in a permit to cut timber and bark the permittee could not cut trees which were not suitable for any purpose but for firewood.

In *Sands* v. *Sands*, 74 Maine, 239, our court, in a lien case, quoted with approval the ruling of the Wisconsin court that the expression "logs and timber" would include railroad ties.

In *Bearce* v. *Dudley*, 88 Maine, 410, an action to recover compensation, under the statute, for driving timber so intermixed with logs that it cannot be conveniently separated, it was said that the trend

of all the authorities is to construe the word timber, in a statute like the one under consideration, in a sense comprehensive enough to work the purposes of the enactment.

The case of *Donworth* v. *Sawyer*, 94 Maine, 242, is confidently relied upon by the plaintiff as fully sustaining his interpretation of the word timber. That, like the case at bar, was an action of trover to recover for conversion of logs. It is there said that the grant of trees or timber, or particular kinds of timber trees, should be held a grant of the growth standing at the time of the grant. If the grant limit itself by size of tree, age, or adaptability for specified uses, then of course the particular described tree would pass and none other. But where there is no limitation of that character, and the grant is of standing timber, to be taken off in the future, the common understanding would be that the grantee might cut timber from the lot until the present growth, suitable for the purpose, shall have been exhausted, or until the right to cut shall have expired by limitation, either express or implied.

We have cited these few cases from the decisions of our own courts to show the gradually and properly broadening views in this jurisdiction regarding the use of terms in a business which forms one of the important elements of the prosperity of our State. And we sustain the rules laid down in *Donworth* v. *Sawyer*, supra, but call attention to the two-fold character of those rules, viz, what may be cut under the grant and when the right to cut may expire.

In *Webber* v. *Proctor*, 89 Maine, 404, a grantor conveyed all hemlock bark and one-half the hemlock trees on a certain tract of land, with right to enter upon the land at any and all times to cut trees and remove bark and trees during a term of ten years. It was there held that the words limiting the time were designed also to limit the grant to such bark and trees as should be taken off within the time and that no more than that was granted. This doctrine is sustained in *Erskine* v. *Sawyer*, 96 Maine, 57, and several cases there cited, as well as in *Noyes* v. *Gooding*, 104 Maine, 453.

A more ancient case, quoted with approval many times in this state, as well as by other courts, is *Pease* v. *Gibson*, 6 Maine, 81. In that case the defendant, in trespass for cutting timber trees, relied upon a deed under seal conveying "the pine trees fit for mill logs" on certain land, with privilege of two years to remove the same. He argued that this was an absolute sale of all such timber on the land,

and not merely such as the vendee could remove in two years; that the limitation of time was only an indication of the period within which he might enter and carry away timber without payment of damages; that after its expiration he might still take away his timber, subject to any reasonable claim of the owner of the soil for damages occasioned thereby. In reply to this contention, speaking through Chief Justice MELLEN, the court said; "To admit the construction given by the defendant's counsel, and consider such a permission as a sale of the trees, to be cut and carried away at the good pleasure of the purchaser, and without any reference to the limitation, in point of time specified in the permit, would be highly injurious in its consequences. It would deprive the owner of the land of the privilege of cultivating it and rendering it productive, thus occasioning public inconvenience and injury; and, in fact, it would amount to an indefinite possession. The purchaser, on this principle, might, by gradually cutting the trees and clearing them away, make room for a succeeding growth, and before he would have removed the trees standing on the land at the time of receiving such a license or sale, others would grow to a sufficient size to be useful and valuable; and thus the owner of the land would be completely deprived of all use of it. Principles leading to such consequences as we have mentioned cannot receive the sanction of this court."

But it may be urged that in the cases cited there was a definite time fixed for cutting and removing the growth, while in the case at bar the grantees were to "enter and remove at their convenience." We do not overlook the fact that the original purchase price was only sixty dollars and could not have been payment for a very large amount of growth. The principle is too elementary to need the support of authorities that when a time is not specified for the performance of a contract it should be performed within a reasonable time. We are therefore inclined to the claim of the defendant that twenty years or more in which to remove sixty dollars worth of standing growth is not a reasonable time, and that the time for removing the growth intended by the parties to the deed of June 20, 1893, had long ago expired.

This being so the plaintiff's rights to cut from the lots in question have ceased and with it his title to standing trees has expired.

The mandate must accordingly be,

*Judgment for the defendant.*