RUMFORD FALLS POWER COMPANY

*vs.*

LEWIS WAISHWELL AND AMELIA WAISHWELL.

Oxford.    Opinion September 19, 1929.

*Ralph T. Parker*, for plaintiff.
*Matthew McCarthy*, for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, STURGIS, BASSETT, FARRINGTON, JJ.

DEASY, J. This case is brought forward by Agreed Statement. In 1924 the plaintiff corporation conveyed to the defendants Lot 229 on Franklin St., Rumford Falls.

The deed contained an express condition subsequent as follows:

"this conveyance is also upon the express condition that the said grantees, their heirs, executors, administrators, or assigns, shall not erect or maintain any building or structure within twenty-five years from the day of the date of this deed on any lot hereby sold, excepting a dwelling house suitable for not more than two families, and a stable or garage, or other necessary building, for the exclusive use and occupancy of the occupants of said dwelling house, and as an appurtenance thereto; and if this condition be broken, the estate hereby conveyed shall be forfeited and shall revert to the grantor, its successors or assigns."

Later in the same year the defendants erected upon the lot "a three tenement dwelling house suitable for three families without the consent and without the objection of the Rumford Falls Power Company." (The quotation is from the agreed statement.)

On May 6, 1929, the plaintiff learned that the defendants were preparing to remove to and upon the lot another dwelling, thus further aggravating the congestion which the condition was designed to prevent.

Oral objection was promptly made by the plaintiff's representative. On May 13 the defendants moved such dwelling to and upon the lot. Two days later the plaintiff protested against such removal by a letter as follows:

"On May 6, Mr. Frederick O. Eaton, representative of the Rumford Falls Power Company called your attention to the fact that the erection of another dwelling house on said lot would be a violation of a condition in the deed of the Rumford Falls Power Company to you. This condition is as follows: (Condition as above quoted).

"You were notified on May 6 by Mr. Eaton that the Rumford Falls Power Company objected to the erection or maintenance of another dwelling house on said lot on the ground

that such erection or maintenance of another dwelling house would be a violation of this condition.

"Notwithstanding this, you have proceeded to place another dwelling house on this lot. The Rumford Falls Power Company would regret exceedingly to be obliged to forfeit your rights in said lot for breach of this condition, but unless you take immediate steps to remove this dwelling house or convert it into a building that will conform to the above described condition in your deed, the Rumford Falls Power Company will be obliged to commence an action for the forfeiture of your rights in this lot by reason of this breach of the above named conditions in your deed."

The defendants refused to comply with the plaintiffs request. Thereupon the plaintiff entered upon the property for the purpose of forfeiting the title of the defendants in the same on account of the alleged breach of condition in the deed.

On May 23, 1929, this writ of entry was sued out to recover the lot.

The defense is based upon the theory that the plaintiff has waived or abandoned the condition. The agreed statement, however, does not show such waiver or abandonment.

It is true that the breach by the defendants in 1924 was not objected to by the plaintiff. The agreed statement does not show that the plaintiff had knowledge of the 1924 breach prior to the beginning of the present suit. If, however, we should assume such knowledge, neither waiver nor abandonment is proved by such circumstance alone. *Howe* v. *Lowell*, 171 Mass., 584.

"A waiver on the part.of the plaintiffs of past breaches of the condition can not be construed into a waiver of all right to future observance and performance of it." *Ritchie* v. *Railway Co.* (Kan.), 39 Pac., 724.

The defendants also rely upon the fact that similar conditions contained in other deeds from the plaintiff, have been breached without forfeiture claimed, and without apparent objection made.

But this alone does not prove waiver or abandonment even of the conditions in such other deeds. *Howe* v. *Lowell*, supra. *Ritchie* v. *Railway Co.*, supra. A fortiori it does not show waiver or aban-

donment of the condition in the defendants conveyance.

Forfeitures are not favored, even by Courts of Common Law.

Ambiguous language will not ordinarily be construed as creating a condition subsequent justifying a forfeiture.

But in this case the condition subsequent is plainly stated. The defendants accepted the deed containing it. The plaintiff is entitled to judgment. But conditions subsequent are to be construed with great strictness. R. C. L., Sup., Vol. 2, Pg. 721. *Bray* v. *Hussey*, 83 Me., 329; *Frenchville* v. *Gagnon*, 112 Me., 245.

They are not to be extended by inference.

"It is the universal rule that the instrument creating the forfeiture will be strictly construed, and that its terms will never be extended by construction." *Ritchie* v. *Railway Co.*, supra.

In this case the forfeiture provided for by the deed is of "the estate hereby conveyed." The buildings were not conveyed. Never having been owned by the plaintiff, they can not "revert" to it. It is true that buildings are ordinarily a part of the land and pass by a deed of the land without special mention. This gives effect to presumed intent.

But presumed intent can not be resorted to for the purpose of extending a forfeiture. The plaintiff is entitled to judgment for the land that it conveyed to the defendants, not however including the buildings thereon.

The defendants are entitled to a reasonable time to remove buildings.

The ordinary form of writ of possession must be varied accordingly.

*Judgment for plaintiff for land,*
*excepting buildings.*