**C COMPANY**

v.

**CITY OF WESTBROOK.**

Supreme Judicial Court of Maine.

Oct. 1, 1970.

Reef & Mooers, Norman Reef and Daniel Mooers, Robert D. Schwarz, Portland, for plaintiff.

James E. Gagan, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

WEATHERBEE, Justice.

The Plaintiff is the record owner of a parcel of land in Westbrook known as the Spring Street Quarry property. Defendant City maintains the city dump on the property adjoining the parcel and Plaintiff charges that Defendant has allowed its dump to extrude and encroach upon the quarry land. Plaintiff brought this action asking for damages for trespass and for injunctive relief. Defendant admitted dumping refuse on the land in question but defended by asserting that it, and not the Plaintiff, is the owner of this property and entitled to its possession.

The Defendant City had been the owner of this land and in 1951 conveyed it to Sheldon Grant. The land contained a quarry and a large stone crusher which was situated in the quarry was included in the sale. Grant deeded the property to Cook & Company, Inc. and Plaintiff is the corporate successor to Cook & Company, Inc. The deed from the City to Grant stated that the conveyance was made subject to the following conditions:

"1. The Grantee is to set up and operate thereon a rock crusher.

2. The Grantee is to sell to the City of Westbrook at the plant any and all crushed rock of required sizes at 25% off of the going market price. Said price to be determined by checking prices with commercial rock crushing plants. City may purchase in any and every year up to and including 2000 tons at this discount.

3. In the event that the Grantee should for any reason fail to operate the quarry or crusher for a period of five years, title to the land to revert to the City.

4. If the Grantee manufactures asphalt mix so called, the City may purchase the mix at the same rate as the crushed rock provided that the total amount does not exceed the aforementioned 2000 tons.

5. The Grantee is to take the necessary steps to prevent pollution of proposed Westbrook Rod and Gun Club fish pond on the adjoining land."

Grant's deed of the same premises to Cook & Company, Inc. states that it was made "subject to the same conditions appearing in deed of the City of Westbrook to this Grantor and this Grantee accepts same on the same basis".

The quarry and crusher were operated on the property for at least five years. The City contends that they have not been operated since 1956 and that a condition subsequent having been broken, the City is entitled to possession of the land.

The Single Justice before whom the matter was tried ruled that the Plaintiff is the owner of the land in question and ordered Defendant to remove the refuse which had been dumped there. Defendant City has appealed.

The issue presented by the appeal is one of construction of the condition of the City's 1951 deed which reads:

"In the event that the Grantee should for any reason fail to operate the quarry or crusher for a period of five years, title to the land to revert to the City."

Was it the intention, as the City argues, that title should revert to the City if the quarry or crusher was not operated during *any* five year period? Or, as Plaintiff contends, was this condition to be satisfied if the quarry and crusher were operated for the five years next following the effective date of the deed?

The Single Justice found that the effectually expressed intention of the parties to the deed was that the condition in question remained in force for five years after the transfer of title and that the Plaintiff's predecessors in title had fulfilled their obligations under the deed.

The Justice said that he considered "the instrument as a whole, as well as the circumstances surrounding the transfer". He made no specific finding of facts and it appears that there were no material differences of fact involved, that the Justice's interpretation of the deed is based upon its language viewed in the light of stipulated or undisputed surrounding circumstances.

Construction of a deed is a matter of law. Susi v. Davis, 133 Me. 354, 177 A. 610 (1935). In our review of his interpretation of the language of the deed and the inferences which may properly be drawn from stipulated or undisputed facts we do not apply the "clearly erroneous" rule but instead construe for ourselves the language of the deed. Allstate Insurance Company v. Government Employees Ins. Co. et al., Me., 263 A.2d 78 (1970). We arrive at the same conclusion as did the Single Justice.

Following the cardinal rule of interpretation of deeds, we seek to ascertain the intention of the parties. Hinds v. Hinds, 126 Me. 521, 524, 140 A. 189 (1928). If the language is ambiguous resort may be had to rules of construction and the deed may be examined in the light of the circumstances surrounding its execution. It may be interpreted with reference to the reason, or motive, upon which the Grantor proceeded in using the language in question. Haight v. Hamor, 83 Me. 453, 22 A. 369 (1891).

"This Court has well said that the cardinal rule for the interpretation of deeds is the expressed intention of the parties, gathered from all parts of the instrument, giving each word its due force, and read in the light of existing conditions and circumstances. It is the intention effectually expressed, not merely surmised. This rule controls all others. Technical rules of construction of deeds may be resorted to as an aid in getting at the intention. And technical rules may be controlling when nothing to the contrary is shown by the deed. The ancient rigidity of technical rules has given way in modern times to the more sensible and practical rule of actual expressed intention." Penley v. Emmons, 117 Me. 108, 102 A. 972 (1918).

The language of the condition is ambiguous. It is a familiar rule of construction that in a question of ambiguity the deed must be construed more favorably to the Grantee. S. E. & H. L. Shepherd Co. v. Shibles, 100 Me. 314, 61 A. 700 (1905); Chapman v. Hamblet, 100 Me. 454, 62 A. 215 (1905); 26 C.J.S. Deeds § 82. The parties have agreed that the questioned language creates a condition subsequent. The Defendant claims forfeiture. We have frequently applied the rule of construction that the law looks with disfavor on an interpretation which permits a forfeiture. If a deed can reasonably admit of two constructions, one which would permit forfeiture to the Grantor and one which would not, the Court must construe the deed most strongly against the forfeiture. Rumford Falls Power Co. v. Waishwell,

**310**

128 Me. 320, 147 A. 343 (1929); Inhabitants of Frenchville v. Gagnon, 112 Me. 245, 91 A. 951 (1914); 28 Am.Jur.2d, Estates, § 140.

When we examine the circumstances prevailing at the time of the City's deed to Grant in order to study the reason for the employment of the condition subsequent in the deed we find that the circumstances appear to support the Plaintiff's contentions. Mr. Grant petitioned the City asking to purchase the City's rock crusher. The City Council countered by proposing that he buy the crusher and the quarry as well and that he pay for the property by furnishing the City each year up to 2000 tons of crushed rock (and/or asphalt mix) at a price 25% less than the current market price. The City thus sought to secure for itself a sufficient supply of these materials from Grant or his successors at a greatly reduced price—or, if Grant defaulted, the right to regain the source of supply. The City evidently preferred being supplied with street repairing material to receiving a cash purchase price. The conclusion is compelling that if Defendant's contention here is correct and the condition would be broken only if Grant and his successors failed to operate the quarry or crusher during *any* entire period of five years, the City would have no assurance of its supply from the very outset of the agreement. A brief operation during any five year period would appear to prevent the City's enforcing the condition subsequent. Indeed, such a construction conflicts with the next preceding condition that the City may purchase the street building material "in any and every year". Intention must be determined by construing all parts of an instrument together. Penley v. Emmons, supra.

Defendant asks that the language of the Grantor "*a* period of five years" be construed to mean "*any* period of five years" and thus to establish the basis for a forfeiture. Such an interpretation would give the words of the deed an abnormal meaning, construe the ambiguous language most favorably to the Grantor and work a forfeiture. It would bring a result which we believe would be repugnant to the disclosed intention of the parties.

The condition of the deed was fully satisfied when Plaintiff's predecessors in title complied with its terms for five years following the City's conveyance to Grant.

There was introduced at trial the minutes of Defendant's City Council meeting concerning the decision to convey the crusher and quarry to Grant. This exhibit was admitted for a limited purpose respecting an issue which was raised by Defendant at trial but later abandoned and which is not before us on appeal. It is not available to us now as evidence bearing on the intention of the Grantor.

Appeal denied.

WILLIAMSON, C. J., participated at argument, but retired before the opinion was adopted.