STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, ss SUPERIOR COURT
CLERK'S OFFICE Civil Action
Docket No. RE -07-275

2009 FEB 25 P 12: 14
TED

THEODORE WAINWRIGHT,

Plaintiff

v.

IAN R. RIDDELL and
DEBORAH A. RIDDELL,

Defendants

**DECISION AND JUDGMENT
ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGEMENT**

This matter comes before the court on plaintiff's motion for summary judgment.

## I. PROCEDURAL HISTORY AND BACKGROUND

This case arises out of a complaint filed by the plaintiff Theodore Wainwright (Wainwright) to enforce a deed restriction applicable to Ian R. Riddell and Deborah A. Riddell (the Riddells). Wainwright claims that the Riddells erected a fence on their property in violation of a covenant requiring Wainwright's approval to erect buildings and structures.

Wainwright is a resident of the Grandview Estates and the developer of the Grandview Estates subdivision (the Subdivision). The Subdivision is comprised of high-end, single family homes in South Portland. In May 2003, Wainwright conveyed a piece of undeveloped land in the subdivision to Masters Construction, Inc. (Masters) with a restrictive covenant in the warranty deed.[1] Masters built a home on the property

---

[1] The covenant in the deed conveyed by Wainwright to Masters Construction states:

> By acceptance of the within deed, the Grantee for himself and his heirs, successors and assigns, herby covenants and agrees with the Grantor that no building or structure shall be erected or

- 1 -

and sold the lot and the home to the Riddells in March 2004. The Riddells' deed expressly states that it is subject to the restrictions set forth in the deed from Wainwright to Masters Construction.[2]

In July 2005, the Riddells constructed a solid panel white vinyl fence on their property. They did not discuss the fence with Wainwright prior to its construction and did not obtain his advance written approval for the fence. After the fence was constructed, Wainwright informed the Riddells that it would have to be removed because he did not approve its construction, in accordance with the deed restriction. The Riddells have since refused to remove the fence. Wainwright filed a complaint on November 5, 2007 seeking (1) an injunction enjoining the Riddells from constructing any structures on their property without Wainwright's advance written approval; and (2) a court order directing the immediate removal of the fence.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is

---

placed on the within described Lot without the advance written approval of Theodore Wainwright, his heirs, successors or assigns, as to the plans for such structure, the location of such structure on the within Lot, the exterior siding materials and colors for such structure, and the contractor to be used for the construction of such structure. The purpose of this covenant is to ensure the quality of development in the development known as Grandview Estates as shown on the Plan, and this covenant is intended to benefit the Grantor, his heirs, successors or assigns, and any Lots which the Grantor still owns in said Grandview Estates.

[2] The Riddells' deed contains the following language:

The within lot is hereby conveyed subject to the covenants, terms, easements, conditions and / or restrictions as set forth in the deed from Theodore Wainwright to Masters Construction, Inc. dated May 19, 2003 and recorded in the Cumberland County Registry of Deeds in Book 19423, Page 276 to which deed reference is hereby made.

raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the non-moving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

## B. Scope of the Restrictive Covenant

A restrictive covenant is created by language in a deed or other document showing an agreement to refrain from doing something with respect to use of the land. 20 AM. JUR. 2D at § 27. Construction of a restrictive covenant is a question of law. *Midcoast Cohousing Land Acquisition, LLC v. Riverhouse Trust*, 2008 ME 70, ¶ 10, 946 A.2d 421, 423. The language in a restrictive covenant must be given its ordinary meaning, and if there is no ambiguity the plain meaning controls. *River Dale Ass'n v. Bloss*, 2006 ME 86, ¶ 6, 901 A.2d 809, 811; *Green v. Lawrence*, 2005 ME 90, ¶¶ 7-8, 877 A.2d 1079, 1082. Language is deemed ambiguous when it "is reasonably susceptible of different interpretations." *Competitive Energy Servs., LLC v. Pub. Utils. Comm'n*, 2003 ME 12, ¶ 15, 818 A.2d 1039, 1046 (quotation marks omitted). While restrictive covenants should be narrowly construed, this does not mean that they should be limited if the language is unambiguous. *See Green*, ¶ 8, 877 A.2d at 1082 (citing *Naiman v. Bilodeau*, 225 A.2d 758, 759 (Me. 1967)).

In this case, the restrictive covenant provides that the grantor's written approval is required before erecting or placing a building or structure "as to the plans for such structure, the location of such structure on the within Lot, the *exterior siding* materials and colors for such structure, and the contractor to be used for the construction of such structure." (emphasis added).

The Riddells contend that the term "structure" is ambiguous as used in the covenant, and that it is reasonable to interpret the restriction to include only structures that have exterior siding, such as sheds and storage units. They argue that fences do not have exterior siding and are therefore not covered by the restriction. Wainwright counters that the fact that fences may not have exterior siding does not mean that they are not structures subject to the deed restriction. He contends that the restrictive covenant unambiguously includes buildings and structures, and that a fence is clearly a structure covered by the restriction. The fence at issue here is 6 feet high and made of solid material without openings and creates a barrier preventing views into the defendants' property. It is essentially the same as a solid wall.

The word "structure" should be interpreted given its plain meaning and ordinary usage. *See Leavitt v. Davis*, 153 Me. 279, 282, 136 A.2d 535, 537. Structure is defined as "[a]ny construction, production, or piece of work artificially built up or composed of parts purposefully joined together." BLACK'S LAW DICTIONARY, 1436 (7th ed. 1999). A fence clearly falls within this definition. While a building is a structure, a structure is not necessarily a building. This is reinforced by the language in the restrictive covenant, which states that homeowners may not construct "buildings or structures" without Wainwright's approval. If these two words were synonymous, there would be no reason to include both. The language in the covenant is not ambiguous and should

- 4 -

be given its ordinary meaning. Thus, structure includes fences and any other artificial construction erected on properties that are subject to the restrictive covenant.

Even if a fence is a structure, the Riddells argue that it falls outside of the restriction because it does not detract from the quality of the development. The Riddells assert that the intention behind the covenant was to protect neighbors from unsightly structures that would detract from the value and beauty of the development. The Riddells argue that their fence is of superior quality and is consistent, if not better than, other fences in the development. The court does not disagree with this assessment, but it is not determinative.

Wainwright contends that the deed restriction is not limited to structures that might detract from the quality of the development. The deed restriction provides Wainwright with an absolute veto over the erection of structures and gives him the unconditional right to disapprove of structures that are subject to the deed restriction.

The stated purpose behind the restrictive covenant is "to ensure the quality of development" in the Subdivision. Although the Riddells may genuinely believe that their fence is of a high quality, Wainwright clearly reserved the discretion to determine what qualifies as quality of development. It is not up to the Riddells, or their neighbors, to make this determination, as the covenant reserves veto power to Wainwright, and expressly provides that it is "intended to benefit the Grantor."

Even if Wainwright's determination to have the fence removed is based on spite or ill will motivated by the defendants' failure to obtain his prior consent, Wainwright possesses an absolute veto. It may not be fair that the defendants spent a substantial sum to put up the fence in good faith and that Wainwright waited until after it was completed to complain, rather than approach the Riddells when construction commenced; but, the Grandview Estates subdivision is not a democracy and the deed

- 5 -

restrictions permit Theodore Wainwright to exercise veto authority at his sole discretion.

Because the restrictive covenant unambiguously provides Wainwright with unrestricted veto power, the Riddells' contention that their fence is of superior quality fails as a matter of law.

## C. Waiver

In the alternative, the Riddells contend that Wainwright has waived his right to object to their fence. A waiver is the voluntary relinquishment of a known right, benefit, or advantage. *Stewart v. Leonard*, 103 Me. 128, 132, 68 A. 638 (1907). Waiver is essentially a matter of intention. *Id.* The intent to waive may be proved by express declarations or by acts and declarations manifesting an intent or purpose not to claim the right. *Id.*

The Riddells assert that thirteen of the forty-three developed properties in the Subdivision subject to the same restriction have fences on their property of varying degrees of height, style and quality. According to the Riddells, Wainwright can only produce documentation that one other homeowner in the past ten years has ever asked for his prior approval to build any structure other than a primary residence. The Riddells contend that during the past ten years, homeowners have built structures of all sorts including fences, sheds, gazebos, sundecks, and home additions without Wainwright's written approval.

Wainwright correctly argues that the fact that other fences have been erected on other residential lots does not operate as a waiver with respect to the Riddells' fence. The Law Court has stated that an alleged waiver of a restrictive covenant with respect to some other structure on another property at another time does not operate to eliminate the deed restriction for all of the properties subject to the deed restriction. *See*

- 6 -

*Rumford Falls Paving Co. v. Waishwell,* 128 Me. 320, 322 (1929). Even if other homeowners living in the Subdivision have violated the restriction by erecting structures without permission, this does not constitute a waiver as to the Riddells' fence. The covenant gives Wainwright the right to veto the construction of structures and the Riddells have not provided evidence that Wainwright has waived his right to do so in respect to their fence.

## III. DECISION AND JUDGMENT

The clerk will make the following entry as the Decision and Judgment of the court:

A. Plaintiff's Motion for Summary Judgment is granted.

B. Judgment is entered for plaintiff Theodore Wainwright.

1. The defendants are Ordered to remove the fence within 120 days of the date of this judgment.[3]

2. The defendants are enjoined from erecting, constructing or placing any structure on their lot without compliance with all restrictions and conditions in the deed.

C. No costs are awarded.

SO ORDERED.

Dated: February 23, 2009

Thomas E. Delahanty II
Justice, Superior Court

---

[3] The court is mindful of the current winter season. This will provide an opportunity for the ground to thaw and stabilize before the defendants must remove the fence.

CYNTHIA DILL ESQ
1227 SHORE RD
CAPE ELIZABETH ME 04107

JEFFREY EDWARDS ESQ
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
PO BOX 9546
PORTLAND ME 04112-9546