## MARSHALL JOHNSON *vs.* MARSHALL JOHNSON, JR.

If land is jointly held by two persons for their joint lives and the life of the survivor of them, a conveyance to one of them, during the life of the other, of an undivided share in the remainder will not merge his life estate, or give him such a title as will enable him to maintain a petition for partition.

PETITION FOR PARTITION of two parcels of land in Dedham.

It was agreed in the superior court that Francis Johnson, a son of the petitioner, died unmarried, and without issue, seised in fee of the premises, leaving a will, containing the following language : "As to my worldly estate, and all the property, real, personal or mixed, of which I shall die seised and possessed, or to which I shall be entitled at the time of my decease, I dispose of the same in the manner following to wit : I desire that my property in the Sandwich Islands shall be collected and realized by my executors," &c. The will then gave directions as to the disposal of the avails of the property in the Sandwich Islands, but contained no further reference to any other estate of the testator. After the probate of this will, the petitioner with his wife executed a deed of the premises to Henry A. Peirce, " to have and to hold the above released premises to the said Henry A. Peirce, his heirs and assigns, to the use of the said Marshall and Alice Johnson for and during the term of their joint lives, and the life of the survivor of them, and from and after the decease of said survivor to the use and behoof of Elizabeth Ann Gerrish, of Dedham, widow, Marshall Johnson, Jr., clerk, and Edwin Johnson, both of Boston in the county of Suffolk, Josiah B. Johnson, Henrietta Johnson and Cotton Centre Johnson, all of Dedham aforesaid, their heirs and assigns forever." The petitioner has ever since been in possession of the premises, and by descent and conveyances has acquired the estates therein of all of the remaindermen except Marshall Johnson, Jr.

Upon these facts, it was ordered in the superior court that partition be made as prayed for, and the respondent appealed to this court.

*D. E. Ware*, for the respondent.

*G. P. Sanger*, for the petitioner.

BIGELOW, C. J.   It is clear that this petition for partition can-not be maintained.

The will of the son of the petitioner did not pass the title to his real estate situated in Massachusetts.   The operative words of devise and bequest are confined to the property of the testa-tor which at the time of his death was in the Sandwich Islands, and do not extend to or include any other estate which belonged to him elsewhere.   The testator having died unmarried and without issue, the land in controversy came to the petitioner under the statute of this commonwealth regulating the descent of real estate of which a person intestate dies seised.   Gen. Sts. *c.* 91, § 1.

The title in fee being thus vested in him, he made a deed in which his wife joined, releasing her dower, by which he con-veyed the premises to Henry A. Peirce, to hold to him and his heirs and assigns, to the use of said grantor and his wife " for and during the term of their joint lives, and the life of the sur-vivor of them, and from and after the decease of said survivor to the use and behoof of" the several children of the grantor, their heirs and assigns forever.   Under this conveyance, by vir-tue of *St.* 27 Hen. VIII. *c.* 10, called the statute of uses, which is a part of the common law of this commonwealth, the use be-came at once executed in the *cestuis que use,* and the entire estate, both legal and equitable, was vested in them, " after such quality, manner, form and condition as they had in or to the use, confidence or trust that was in them " — that is, the peti-tioner and his wife became seised of a life estate during their joint lives and the life of the survivor, and their children became seised of a vested remainder in fee.   1 Cruise Dig. (Greenl. ed.) tit. xi. *c.* 4, §§ 3, 10, 11, 16–18.   *Morgan* v. *Moore*, 3 Gray, 323.   Subsequently the remainder in fee of five sixths of the premises became vested in the petitioner.   But this did not merge his life estate so as to vest in him an absolute fee in five sixths of the premises.   The life estate of his wife in the en-tire premises was still outstanding.   This intervening estate

prevented a merger; the elementary definition of which is, the annihilation by act of law of the less in the greater of two vested estates meeting, without any intervening estate, in the same person and in the same right. 3 Cruise Dig. tit. xxx. *c.* 9, § 1. 3 Preston on Conveyancing, 50.

Such being the state of the title, the petitioner shows no right to have partition of the premises described in the petition. As tenant for life he cannot ask it, because he is in lawful possession and has the pernancy of the rents and profits of the entire estate. As grantee of the remainder in fee of five sixths of the estate by deeds from his children he cannot have it, because by Gen. Sts. *c.* 136, § 3, it is expressly provided that a petition for partition shall not be maintained by one who has only an estate in remainder or reversion.

*Petition dismissed.*