## JOSIAH F. BATES *vs.* CHARLES B. FOSTER.

*Deed—construction of. Covenant—limitation of.*

The covenants in a deed of warranty are limited in effect by the description of the grant.

In the defendant's deed of warranty immediately succeeding a description of the premises by metes and bounds, was the clause, "and meaning hereby to convey to the said" grantee "the same premises and title as conveyed to me by Daniel Witham, and no more." The title conveyed to the defendant was an equity of redeeming the land described from a mortgage, which the defendant's grantee was obliged to pay, and thereupon brought this action of covenant broken. *Held*, that the defendant's deed conveyed an equity of redemption only.

ON REPORT.

COVENANT BROKEN.

In support of the action, the plaintiff put into the case a deed of warranty, with the usual covenants from the defendant to the plaintiff, dated Nov. 21, 1853, duly acknowledged and recorded, of which the part material to an understanding of this case was as follows:

"Know all men by these presents. That I, C. B. Foster, of Richmond, in the county of Lincoln and State of Maine, in consideration of one thousand dollars, to me paid by Josiah Bates of the aforesaid Richmond (the receipt whereof I do hereby acknowledge), do hereby give, grant, sell, and convey unto the said Josiah Bates, a certain lot of land, together with the house thereon standing, and bounded as follows, viz.: beginning on the street leading from Levi E. Marble's to Rev. Mr. Barnard's, and on the southeasterly side of said street, and at the north-westerly corner of land occupied by Samuel Brown. Thence by land of said Brown southerly to the land of the Kennebec & Portland Railroad Company. Thence northerly by the line of said railroad company to within one rod of the line of land of Dexter Jack. Thence at right angles with the first-described line to the before-mentioned street. Thence south-westerly by said street to the place of beginning, and meaning hereby to convey to the said Bates the same premises and title as conveyed to me by Daniel Witham and no more."

It appeared that there was an outstanding mortgage on the land described, given by one Bryant prior to the defendant's title, which the plaintiff had been compelled to pay.

The defendant put in a sheriff's deed from Daniel Witham to himself, dated Oct. 28, 1853, purporting to convey the right of redeeming the mortgage.

If the action could not be maintained, the plaintiff to become nonsuit.

1. The first part of the deed from defendant to plaintiff is a clear and unequivocal conveyance of the land described. It is free from all ambiguity; the clause, " meaning hereby to convey," etc., is repugnant, and must be rejected. *State* v. *Mayberry*, 48 Maine, 233; *Harlow* v. *Thomas*, 15 Pick. 66.

2. If there are two descriptions, the grantee will be entitled to hold under that which will be most beneficial to him. And this principle should be held to descriptions of title, as well as of boundaries. Deeds and covenants in deeds are to be construed most strongly against the grantor. *Esty* v. *Baker*, 50 Maine, 325; *Cutter* v. *Tufts*, 3 Pick. 272; *Melvin* v. *Pro. of Locks and Canals on Merrimack River*, 5 Met. 28–30, and cases there cited.

3. Though it has been held that in a mere quitclaim deed of one's title, the covenants must be restricted to the title conveyed; it is claimed that the covenants should not be so restricted in deeds containing a clear and unambiguous grant of the land, though followed by such a clause as is contained in the deed given to the plaintiff.

*A. Libbey*, for the defendant.

DANFORTH, J. This is an action for a breach of the usual covenants in a deed of warranty. Whether there has been any breach depends upon the construction to be given to the language used in describing the grant and the premises conveyed; for the covenants in a deed are limited in effect by the description of the grant. *Hoxie* v. *Finney*, 16 Gray, 332 and cases cited; *Freeman* v. *Foster*, 55 Maine, 508; *Coe* v. *Persons Unknown*, 43 Maine, 432.

The defendant's deed, after the usual words of conveyance "give, grant, sell, and convey," followed by a description of the premises, has these words, "And meaning hereby to convey to the said Bates the same premises and title as conveyed to me by Daniel Witham, and no more." It appears that Witham conveyed to the defendant only an equity of redemption from a certain mortgage; that the same mortgage was still outstanding at the date of the defendant's deed to the plaintiff, and that the plaintiff was subsequently obliged to pay it.

Did, then, the defendant, by his deed, convey to the plaintiff the interest which he received from Witham and no more, or did he convey the whole title to the land and thereby covenant against the subsisting mortgage?

The defendant, in his deed, says he intended to convey the same he received from Witham and "no more." But it is said that these words are repugnant to what goes before, and are, therefore, void. Such a construction is not admissible unless they are necessarily so inconsistent that both cannot stand together. Whatever may have formerly been the rules of construction in this respect, "in modern times, they have given way to the more sensible rule, which is, in all cases, to give effect to the intention of the parties if practicable, when no principle of law is thereby violated." *Pike* v. *Munroe*, 36 Maine, 315.

It was certainly competent for the grantor to convey just such an interest in the land as he chose to do, therefore no principle of law prevents the giving effect to his clearly expressed intention.

Nor is the latter clause in the description necessarily repugnant to or inconsistent with the former. It is undoubtedly true that what is expressly granted, cannot by subsequent clauses be restricted. But to have this effect, the grant must be express and specific, and not general. *Cutler* v. *Tufts*, 3 Pick. 272–277; 3 Washb. Real Prop. 3d ed. 370.

The words "give, grant, sell, and convey" do not, of themselves, imply a warranty. *Allen* v. *Sayward*, 5 Maine, 230.

Nor do they expressly and specifically convey the whole title, but are rather words of general description, susceptible of explanation or modification by other appropriate language. They are just as applicable to the conveyance of a right of redemption as to the grant of a fee.

If the words, "same title conveyed to me by Daniel Witham," had immediately followed the words, "give, grant," etc., no doubt could then have been raised as to the meaning of the language or the intention of the parties, and the use of the words would have been entirely appropriate. The right of redemption, and that alone, would have been conveyed.

It can make no difference that the qualifying phrase is further on in the sentence. It is still a part of the description of the title conveyed. The latter words explain the former, and are fit and

Bates *v.* Foster.

appropriate for that purpose. They do not destroy or take away the meaning and effect of the first, either in relation to the whole grant or any portion of it, but are simply an explanation.

Taking the whole description together, giving each word its proper signification, as modified by its connections, and the meaning is free from ambiguity; but leave out the latter part, and it is quite as clear that we fail in giving effect to the intention of the parties.

Adopting another test, and we are led to the same conclusion. For the words "meaning the same title conveyed to me by Witham, substitute "subject to the mortgage named," the meaning would be unchanged. The title conveyed would be the same as that obtained of Witham. This would bring it directly within the common practice of reservation, and exceptions made in deeds and within the principle settled in numerous cases. *Kinnear* v. *Lowell*, 34 Maine, 299; *Freeman* v. *Foster*, 55 Maine, 508; *Higgins* v. *Wasgatt*, 34 Maine, 305; *Cole* v. *Coburn*, 18 Pick. 397; *Chenery* v. *Stevens*, 97 Mass. 77.

We are, therefore, of the opinion, that, both upon principle and authority, the two clauses in the deed are not repugnant but may stand together, and the former, as explained by the latter, must be considered as the true meaning of the deed.

*Plaintiff nonsuit.*

APPLETON, C. J.; CUTTING, KENT, BARROWS, and TAPLEY, JJ., concurred.