JESSIE F. HINDS

*vs.*

VERA JEWETT HINDS, ET ALS.

Kennebec.     Opinion January 23, 1928.

*The interpretation of deeds is governed by the intention of the parties wherever possible; and if a deed may operate in two ways, the one of which is consistent with the intent of the parties, and the other repugnant thereto, it will be so construed as to give effect as to the intention indicated by the whole instrument.*

*· When the objects of a trust are fully performed the title of the trustees ceases and the legal as well as the equitable title vests in the beneficial owner unless the intention of the creator clearly shows that the legal title would continue in the trustee.*

*Where the purposes for which a trust was created have ceased the court may declare it terminated. The estate given to a trustee endures no longer than the thing to be secured by the trust demands.*

In the case at bar the deed conveyed the property in trust when the beneficiary was of tender years and incapable of properly caring for real estate, or possessing competent judgment to convey the same. A fair interpretation of the terms of the trust deed, the relations of the parties, and the object to be accomplished, warrant a proper inference that it was the intention of the creator to establish a trust which should terminate when the beneficiary had become twenty-one years of age.

The trust having ceased, the trustees have no further duties to perform and there is no necessity for the appointment of another trustee.

When Leonard attained his majority, by operation of law the trust became executed, so that the legal and equitable title united in him.

Having passed his majority, and the legal and equitable title having become vested in Leonard he had the power to convey the property and a deed thus given by him is valid.

The only necessity for a deed from the trustees, or from the surviving trustee, is to remove a cloud from the title but a decree recorded according to the provisions of R. S. Chap. 82, Sec. 30, will effectually remove the cloud.

On report. A bill in equity seeking the construction and interpretation of a deed dated October 17, 1903, given by William C. Hinds to Jessie F. Hinds, plaintiff, and her husband, Revillo L. Hinds, since deceased, with the words "trustees of E. Leonard Hinds, minor son of Revillo and Jessie F. Hinds" following the names of the grantees.

On December 16, 1922, said minor, E. Leonard Hinds, having attained twenty-one years of age conveyed the same premises to Vera J. Hinds. Held that the deed created a trust to continue during the minority of the said E. Leonard Hinds, and that the trust terminated on his arrival to the age of twenty-one years, and that the deed given by him was valid.

The case fully appears in the opinion.

*Ralph W. Farris,* for plaintiff.

*E. M. Thompson,* for defendant

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

PHILBROOK, J. On the 17th day of October, A. D. 1903, William C. Hinds conveyed a certain piece of real estate, in consideration of one dollar and other valuable considerations, to Revillo L. Hinds and Jessie Hinds, his wife. The names of the grantees in said deed are followed by the words "Trustees of E. Leonard Hinds, minor son of the said Revillo L. and Jessie Hinds."

By allegation and pleading it is agreed that the said Revillo L. Hinds died on September 28th, A. D. 1921. By the same token it is agreed that on February 4th, A. D. 1919 the said E. Leonard Hinds, minor son of Revillo and Jessie Hinds, became twenty-one years of age.

The present proceeding is a bill in equity coming to this court on report in which the plaintiff, Jessie Hinds, prays that the court will construe and interpret the provisions of said deed and particularly determine the following:

> (1) Whether said deed to the plaintiff and her husband, Revillo L. Hinds conveyed legal title to them as trustees of E. Leonard Hinds, or whether they took

title in fee as tenants in common in their individual capacities.

(2)    If said deed created a trust whether the trust is to continue during the minority of E. Leonard Hinds or during the lifetime of E. Leonard Hinds.

(3)    If the word "Trustees" in the premises of said deed created the plaintiff and her husband, Revillo L. Hinds, trustees under said deed, (the said Revillo L. Hinds having deceased,) whether she is a surviving trustee or should another trustee be appointed by the court.

(4)    If said deed created a trust during the lifetime of E. Leonard Hinds or the lifetime of the trustee, or if said deed gave the title in fee to the plaintiff and Revillo L. Hinds, whether the deed from E. Leonard Hinds to Vera J. Hinds marked "Plaintiff's Exhibit 2" conveyed any interest in the premises described in "Plaintiff's Exhibit 1."

(5)    If said deed from E. Leonard Hinds to Vera J. Hinds conveyed no interest that the said defendant Vera J. Hinds may be ordered and decreed to surrender the same, and same be cancelled of record and be decreed to be void.

(6)    That she may have such other and further relief as the nature of the case may require.

The defendants are three in number, namely, Vera Jewett, alias Vera Jewett Hinds, E. Leonard Hinds and William C. Hinds. The latter two filed no plea, answer or demurrer and apparently took no interest in the outcome of the case. The remaining defendant, who denominates herself as Vera Jewett Hinds, files an answer and joins with the plaintiff in the prayer for a construction and interpretation of the provisions of the deed from William C. Hinds to Revillo L. Hinds and Jessie Hinds.

Considering the provisions just referred to, in their numerical order, it should be observed that the position taken by the plaintiff is that the words "Trustees of E. Leonard Hinds, minor son of the said Revillo L. and Jessie Hinds," inserted in the granting clause

of the deed from William C. Hinds to Revillo and Jessie, hereinafter referred to as Plaintiff's Exhibit 1, are only words *descriptio personae* and should be construed accordingly; that there is an absence of all proof tending to show the existence of a trust estate, as there is none created by the deed and no declaration of trust accompanying the deed; that the words being descriptive merely the grantees took title in their individual capacity; that the word "Trustees" should be regarded as mere surplusage as this word in the deed leaves nothing to be done by the trustees.

The defendant, Vera Jewett Hinds, claims that the deed, known as Plaintiff's Exhibit 1, established a plain, simple, naked, passive or dry trust, falling within the provision of the statute of uses.

The well established and primary rule with respect to the interpretation of deeds is that the real intention of the parties is to be sought and carried out wherever possible. This rule is enunciated in 8 R. C. L. 1037, where from the list of cases cited it will appear that a very large proportion of the states of this Union have adopted that rule. Our own court, in *Pike* vs. *Monroe*, 35 Me. 309, said that in modern times the technical rules of construction used in earlier times have given way to the more sensible rule of construction which is, in all cases, to give effect to the intention of the parties if practicable, when no principle of law is thereby violated. This intention is to be ascertained by taking into consideration all the provisions of the deed as well as the situation of the parties to it; and if a deed may operate in two ways, the one of which is consistent with the intent of the parties, and the other repugnant thereto, it will be so construed as to give effect as to the intention indicated by the whole instrument. This rule was restated and confirmed in *Bates* vs. *Foster*, 59 Me. 157. The latter case was decided in 1871 and the rule has not been revoked in this state by later decisions. Turning to Plaintiff's Exhibit 1, however inartificially it may have been drawn, yet the instrument contains strong internal evidence of the intention of the grantor. After denominating the grantees as trustees, in the conveying clause, we find the words "Unto the said Revillo L. Hinds and Jessie Hinds, in their said capacity, their successors and assigns forever." Again in the habendum clause the property is to be held by the said grantees "In their said capacity, their successors and assigns." Again in the covenant clause the grantor covenants with

the grantees "Their successors and assigns" that they will warrant and defend the premises to the grantees "Their successors and assigns forever."

If the grantor in Plaintiff's Exhibit 1 intended to convey the premises to the grantees in their individual capacity his language would be entirely inconsistant with the expressions which we have just quoted. The grantor distinctly says that he grants to the grantees in "Their said capacity," and three times in the instrument says that he is conveying to the grantees and to their successors. If the grantor was conveying to the grantees as individuals why should he have used the expressions which he did in regard to the capacity of the grantees, and why should he have three times said that he was conveying to their successors rather than to their heirs and assigns forever, as would be found in a deed conveying real estate to the grantees as individuals.

We have no hesitation in determining that Plaintiff's Exhibit 1 conveyed the property in trust to the grantees therein mentioned who were to act as trustees of E. Leonard Hinds, minor son of said Revillo L. and Jessie.

The second provision presented to us for consideration by the bill in equity is, if the deed created a trust, whether the trust is to continue during the minority of Leonard or during his lifetime.

The terms of a trust must be ascertained by applying the usual rules of interpretation to the instrument which creates it, *Scott* vs. *Rand*, 115 Mass. 104. Ordinarily the duration of a trust depends largely upon the intention of the creator as shown by the proper construction of the trust instrument and the nature and purposes of the trust, 39 Cyc. 96.

Since the trust deed here under consideration, Plaintiff's Exhibit 1, was dated October 17, 1903, and Leonard became of age on February 4, 1919, it follows that he was only about five years old when the trust deed was given. The trust created has none of the characteristics of a spendthrift trust which is defined as one created with a view of providing a fund for the maintenance of another, at the same time securing it against his own improvidence or incapacity for self-protection, provisions against alienation of the fund by the voluntary act of the beneficiary or in invitum by his creditors being the usual

incidents of such trusts, *Croom* v. *Ocala Plumbing & Electric Co.*, 62 Fla. 60, 57 South. 243.

In *Edwards* v. *Edwards*, 142 Ala. 267; 39 So. 82 where a trust was created in favor of certain beneficiaries, some of whom were minors, the court said that the creator of the trust could not have intended that the trust was to continue forever because the trust was for the benefit of certain persons and those persons could not live forever to take the benefit; nor could the creator intended even that the trust should continue during the lives of the beneficiaries, because the ends to be subserved by the trust could be fully accomplished short of the deaths of all the beneficiaries; and that it is familiar law that a trust estate of this sort ceases as soon as the purposes of its creation have been accomplished.

In *Kohtz* vs. *Eldred*, 208 Ill. 508; 77 N. E. 900, it was held that where a testator by his will creates a trust and fixes the duration thereof, his direction will, if not in violation of the rule against perpetuities, be given effect and the trust will continue for the time indicated, but where a testator does not specfically indicate the time for which the trust is to continue, his intention, if possible, must be determined from the entire will; also that where the evident purpose of a trust is the accomplishment of a particular object the trust will terminate so soon as that object has been accomplished. Citing Page on Wills, Sec. 618.

When the objects of a trust are fully performed the title of the trustee ceases and the legal as well as the equitable title vests in the beneficial owner unless the intention of the creator clearly appears that the legal title should continue in the trustee. *Comby* vs. *McMichael*, 19 Ala. 747.

Where the purposes for which a trust was created have ceased the court may declare it terminated. In re *Stone*, 138 Mass. 476. An estate given to a trustee endures no longer than the thing to be secured by the trust demands, *Appeal of Coover*, 74 Pa. 143.

In *Newman* vs. *Dotson*, 57 Tex. 117, by the terms of a will, Newman was given possession, management and control of the property until the daughter of the testator should have arrived at the age of twenty-one years. It was the evident intention of the testator to give Newman this power during the minority of the daughter, but

no longer.   And it was held that when the minority of the daughter had ceased the powers and privileges of the trustee ceased

We see no reason why these rules for construction of a will should not apply to the construction of a deed whether the trust is created by either instrument.

/ In the case at bar the deed conveyed the property in trust when the beneficiary was of tender years and incapable of caring properly for real estate or possessing competent judgment to convey the same, until he should have reached his maturity.   We are of opinion therefore, that a fair interpretation of the terms of the trust deed, the relations of the parties, and the object to be accomplished, warrant a proper inference that it was the intention of the creator, in this particular case, to create a trust which should terminate when the beneficiary had become twenty-one years of age.

In view of the conclusions already reached the third, fourth and fifth provisions heretofore referred to may be discussed jointly.

The trust having ceased the trustees have nothing more to do and there is no necessity for the appointment of another trustee.

In *Dixon* vs. *Dixon*, 123 Me. 470, it was held that where there are no directions for the management of the estate, nor for investment of the funds, nor for payment of any charges against the estate, no power of sale, and that there was no necessity that the legal estate should remain in the trustees, in order to preserve it for the cestuiis que trustents, nor in order that it may pass to others, that the trustees are simply depositaries of the title and that the trust, under such circumstances, was a dry, naked, simple, passive, trust; but, while not attempting to express a rule which shall bind in other cases not wholly similar to the one at bar, there is a strong implication, owing to the very tender age of the minor, that it was expected and intended that his parents should manage and preserve the property during his minority and therefore until that time was reached it was an active trust; but when majority was reached the trust became a passive trust and the cestui que was entitled to have the legal title transferred to him and could convey the fee without such transfer; in other words, the legal title having been vested in the trustees, and the equitable title in the cestui que, then upon the termination of the trust the legal title will vest in the beneficiary without convey-

ance.    Both estates being vested there is no perpetuity, *Pulitizer* v. *Livingston*, 89 Me. 359.

It follows that when Leonard attained his majority the trust became passive and thereupon by operation of law the trust became executed so that the legal and equitable title united in him, *Johnson* vs. *Johnson*, 89 Mass. (7 Allen) 196; 26 R. C. L. 1173.

Having reached and passed his majority Leonard had power of conveyance and his deed to Vera must be held to be valid.    The only need of a deed from Jessie is to remove a cloud from the title but a decree recorded according to the provisions of R. S. Chap. 82, Sec. 30, will effectually remove the cloud, *Laughlin, trustee* vs. *Page*, et als, 108 Me. 307.    Reported cases generally hold, and text writers, without qualifications, state that dry trusts are executed by operation of law so that complete title vests in the cestui que.    Our court has in effect adopted this rule in *Sawyer* vs. *Skowhegan*, 57 Me. 500.

Summarizing for the purpose of suggestion as to the terms of the decree which should be prepared below, we hold:

1;    That the instrument known as Plaintiff's Exhibit 1 created a trust in favor of E. Leonard Hinds as beneficiary until he reached maturity, and that when this event occurred the trust was terminated.

2;    The trust having thus terminated no further appointment of trustee is required.

3;    That the deed from E. Leonard Hinds to Vera J. Hinds is valid and conveys the interest of E. Leonard Hinds to Vera J. Hinds.

4;    That the defendant, Vera J. Hinds, shall recover her taxable costs from the plaintiff.

This decree should be prepared by counsel for Vera J. Hinds, and presented to the court below.

*So ordered.*