[Civ. No. 16579. Second Dist., Div. Two. Nov. 19, 1948.]

JOSEPH A. BALL, as Administrator, etc., Plaintiff and Respondent, v. J. VENDES MANN et al., Defendants and Respondents; MAXINE F. MANN, Appellant.

Dana R. Williams for Appellant.

. Spurgeon Avakian, Clarence DeLancey and Mary Swift Beeks for Defendants and Respondents.

WILSON, J.—Lester C. Mann, now deceased, and Maxine E. Mann (true name Neff), without benefit of marriage vows, began living together as husband and wife in 1928. During the period of their cohabitation they acquired real property which they owned as joint tenants. Two children were born to them. Fearing that their fondness for intoxicating liquor might lead to the loss of their property and the resultant deprivation of their children of maintenance they conveyed the property on August 8, 1942, to defendant J. Vendes Mann, Lester's brother. As a part of the same transaction they executed a trust agreement reciting that the conveyance was made to provide support for their children.

Lester died in April, 1945. A controversy then arose as to whether a trust had been created and if so what disposition should be made of the property after the purposes of the trust had been fulfilled. Joseph A. Ball, as administrator of Lester's estate and as guardian of the two children, brought this action for declaratory relief to obtain a determination of the court whether any title remained in Lester after the deed to Vendes or whether by the conveyance the title to the property was vested in Vendes in trust for the children. Vendes and wife answered, alleging (1) that the conveyance was made to secure loans made by Vendes to Lester and (2) that it was made also to vest title in Vendes in trust for the children. At the trial the first defense was waived and Vendes asked the court to adjudge that the children were the sole beneficiaries of the trust. Maxine answered and alleged that when the deed was executed she and Lester were about to separate and thereafter did separate; that the conveyance was made on condition that the property would be reconveyed to her and Lester if they should become reconciled and that a reconciliation was subsequently effected.

The trial court found and adjudged that the property was conveyed to Vendes in trust for the minor children; that the trust shall continue until the younger child shall reach the age of majority, at which time the trust shall terminate and the balance of any property on hand shall be distributed to the children equally; that Maxine had no right, title or interest in the property. She has appealed from the judgment.

The trust agreement, which was prepared by the mother of Lester and Vendes without legal assistance, reads as follows: "For and in consideration of a deed from Lester C. Mann and Maxine E. Mann his common-law wife and sometimes known as Maxine E. Neff, on certain property which is fully described in the deed from said Lester C. Mann and Maxine E. Mann to J. Vendes Mann as his sole and separate property, known as 6755 Atlantic Drive, Long Beach, California, Los Angeles County, the said J. Vendes Mann is to use the pro*cedes* of said property who*ley* and solely for the support of the two minor childre*d* of Lester C. Mann and Maxine E. Mann or Maxine E. Neff (common-law wife) of Lester C. Mann and in case of said J. Vendes Mann's death Horace C. Mann (brother of J. Vendes Mann and Lester C. Mann is to receive above stated property or parts thereof and is to carry out same term's and agreement as said J. Vendes Mann first party has this day and date here-in made with second parties Lester C. Mann and Maxine E. Mann or Maxine E. Neff said J. Vendes Mann is to use all money's either from sale or rentals to the best of his kn*oladged* for the support of the two minor children Charlene Mann or (Neff) and Lester C. Mann Jr.''

Appellant Maxine concedes that the evidence supports the finding that the property was conveyed to Vendes in trust but contends (1) that it does not support the finding that the property or its proceeds shall be equally divided between the children when the younger becomes of age, and (2) that under the trust agreement the property was to revert to the grantors after the purpose of the trust has been fulfilled, to wit, when the children shall have become of legal age. The only question therefore raised by the appeal is what disposition shall be made of the property upon the younger child's reaching majority.

On its face the deed to Vendes conveyed the absolute title to him in fee without limitation. No reversionary interest was reserved by the terms of the trust agreement. The trustee, Vendes, was to use the proceeds of the property solely for

the support of the two minor children and in the event of his death his brother Horace was to receive the property and carry out the same terms as were imposed on Vendes and to use all moneys ''either from sale or rentals . . . for the support of the two minor children.''

Lester and Maxine having conveyed the property to Vendes without limitation or reservation, Maxine cannot validly assert the right to recover the title. Oral testimony was received bearing on the question of the intent of the grantors. Vendes testified there was no conversation between him and his brother and Maxine with reference to the purpose of the conveyance at the time of its execution or at any other time; that Lester said ''he was glad to get the thing off his mind because he wanted his children taken care of''; that at one time prior to Lester's death Maxine said she was agreeable to the transaction because he, Vendes, would take care of the children; that he, Vendes, agreed to return the property provided Lester ''straightened out'' and took care of the children as a father should do. Mrs. Brown, mother of Lester and Vendes, testified that Lester and Maxine said that by the agreement they wanted to show the property was put in trust for the children; that she told Lester if he would stop drinking, make a living for the children and take care of them the property would go back to him. Such statement by Mrs. Brown is of no value since she was without authority to bind any of the parties and could not vary the terms of the agreement. Maxine testified that the purpose of the trust agreement was to keep the title in Vendes ''for the time being.'' The oral evidence does not tend in any manner to sustain Maxine's contention as to the purpose of the trust nor does it support her claim that there was any limitation in the trust other than that contained in the writing.

Prior to the conveyance to Vendes the property had been held by Lester and Maxine in joint tenancy. Maxine contends that upon the death of Lester she became the owner of the entire title. Such argument overlooks the fact that a conveyance by joint tenants destroys the joint tenancy. *Hammond* v. *McArthur,* 30 Cal.2d 512 [183 P.2d 1], cited in appellant's brief, does not hold otherwise. In that case one joint tenant transferred a life estate to another person and the court held that such conveyance did not terminate the joint tenancy but at the death of the grantee of the life estate the grantor of that interest was reinvested with her joint tenancy interest.

█ A deed must be construed most strongly against the grantor. Since the conveyance to Vendes is absolute on its face and since the contemporaneously executed trust agreement contains no language tending to indicate any intent that the property should ever revert to the grantors, Maxine's contention must fail.

█ The court must look to the instrument creating the trust to determine the nature, extent and object of the trust (Civ. Code, §§ 2253, 2258, 2267) and if the language be ambiguous or uncertain it will be construed in favor of the beneficiary. (*Ringrose* v. *Gleadall,* 17 Cal.App. 664, 667 [121 P. 407].) █ The object and purpose of the trust here under discussion is to support and maintain the minor children. When the younger becomes of legal age the trust will become passive and should be terminated. █ A court of equity has power to terminate a dry, simple or passive trust (*Hinds* v. *Hinds,* 126 Me. 521 [140 A. 189, 192]) and may do so even before the time fixed for its termination by the terms of the trust instrument. (*Moxley* v. *Title Ins. & Tr. Co.,* 27 Cal.2d 457, 465 [165 P.2d 15] and cases cited.) █ When the objects of a trust have been fully performed the title of the trustee ceases and the legal as well as the equitable title vests in the beneficial owner unless the intention of the creator clearly appears that the legal title should continue in the trustee.

█ When a minor for whose benefit a trust has been created attains his majority the trust becomes passive and by operation of law the trust is thereupon executed and the legal and equitable title is united in him. (*Hinds* v. *Hinds, supra.*) There is nothing in the trust instrument in question upon which the court can place a construction that the purpose was to provide support for the children only during their minority or that the property should revert to the creators of the trust when the minors reach majority.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.