[Civ. No. 22455. Second Dist., Div. One. Oct. 17, 1957.]

Estate of WILLIAM FRANCIS HARRINGTON, Deceased. DORA M. WYNN, as Administratrix, etc., Appellant, v. CALIFORNIA BANK, as Guardian, etc., et al., Respondents.

*Assigned by Chairman of Judicial Council.

Carol G. Wynn and Sidney Gordon for Appellant.

Gray & Guy and Frank E. Gray for Respondents.

FOURT, J.—Appellant is the daughter of Grace Matfield, deceased, and administratrix of her estate. Said decedent was named the beneficiary of a discretionary trust under the will of William Francis Harrington, deceased. Grace Matfield and William Francis Harrington were brother and sister.

Respondent is the guardian of Judy Farrar, a minor child. Judy Farrar is named the remainderman in the trust set forth in the will of William Francis Harrington, deceased. The wording of the clauses with which we are particularly concerned is as follows:

"FOURTH: It is my intention, desire, will and my direction to my said Executor to provide for the welfare, care, support, treatment, comfort and happiness of my sister, GRACE MATFIELD, who now resides at 50 Esperanza Street, Sierra Madre, California, during her lifetime, and to effectuate that purpose I give, devise and bequeath to my said Executor, WM. CHRISTENSEN, IN TRUST, all of my property, real, personal and mixed, and wherever situate, to be used only as hereinafter directed.

"FIFTH: Said Executor shall pay out of income, or if the income be insufficient then out of principal, to and for my said sister such sums of money and at such times and in such manner as he may, in his discretion, deem to be necessary in order to so provide for her. Said Executor shall have the right to mortgage or hypothecate so much of the trust property and for such prices and upon such terms and conditions as he deems proper in order to so provide for my said sister.

"SIXTH: Upon the death of my said sister, said Executor shall pay out of the income, or if the income be insufficient then out of the principal, her expenses of last illness and burial expenses in the event that he deems her estate be insufficient to meet such expenses and shall distribute to my granddaughter, JUDY FARRAR, who presently resides in Grant's Pass, Oregon, all of the residue of my estate then remaining undistributed.

"SEVENTH: In the event my said sister should predecease me, then and in that event I give, devise and bequeath all of my property, real, personal and mixed, to my said grand-daughter."

William Francis Harrington died March 11, 1955, and the beneficiary Grace Matfield died on July 11, 1956, or one year and four months later. At the time of the death of Grace Matfield no payments of any kind had been made by the executor of the estate of William Francis Harrington for the welfare, care, support, treatment, comfort and happiness of the beneficiary Grace Matfield, and no petition had been filed for distribution to the trustee pursuant to the will.

On October 19, 1956, the first and final account and report, petition for instructions, for appointment of trustee, for statutory and extraordinary fees and commissions and for distribution was filed in the estate of William Francis Harrington, in which it was recited in effect that after payment of the costs of administration the executor during the lifetime of Grace Matfield had intended after his appointment as trustee, to distribute all cash in his hands to Grace Matfield for her care and attention when and if the estate were distributed to him as trustee to pay costs of administration, fees, expenses, taxes and all other items properly chargeable against him as trustee or against said estate and to pay the cash remaining to the estate of Grace Matfield. Then it was stated, "However, in no event, is or was it his intention to pay an amount in excess of $300.00 per month from the date of the death of the decedent herein to the date of the death of Grace Matfield."

It was then requested that the executor be appointed as trustee and that after the payment of statutory and extraordinary commissions and an extraordinary fee that distribution of the available assets be made in accordance with the will of decedent with certain instructions to the trustee and certain additional powers conferred upon the trustee.

Objections in behalf of Judy Farrar were then filed requesting distribution of the residue of the estate of William Francis Harrington to the California Bank, guardian of the estate of Judy Farrar, a minor.

At the hearing, it was stipulated that there were sufficient funds in the estate of Grace Matfield to pay the funeral and burial expense.

It was developed in the testimony of Carol G. Wynn, appearing in behalf of Dora M. Wynn, administratrix of the

estate of Grace Matfield, who had requested to take the stand in connection with factual issues that Grace Matfield was confined to bed at home or in the sanitarium from January, 1950 until the date of her death, and that her needs for personal and medical services required an outlay of approximately $500 per month, and that her income during three of the past six years was less than $600, and that her income at no time during the past five years exceeded $1,200 in any year and required no payment of income tax because of exemptions, all of which facts were declared to have been known to William Francis Harrington when his will was executed on January 14, 1954.

On cross-examination of Carol G. Wynn, it was also developed that during his lifetime William Francis Harrington contributed to the support of Grace Matfield only indirectly by making gifts or leaving some money on the occasions when he visited her; and that the total value of the estate of Grace Matfield was estimated in the Petition for Letters of Administration to be $72,000, consisting of cash in the amount of $100, stock of approximately $15,000, and other personal property valued at $57,000.

It was further developed that $6,150 of the property on hand for distribution in the estate of William Francis Harrington in the total amount of $17,203.94, less certain commissions, fees and reserves of $1,741.88, represented the amount received from Dora M. Wynn upon a bid made in open court for an undivided interest in real property of which she was a cotenant, and on which she had originally bid at private sale the sum of $2,000, the appraised value thereof.

We are of the opinion that the decree settling the first and final account and report of the executor for final distribution of the estate to the California Bank, guardian of the estate of Judy Farrar, a minor, the remainderman in the estate of William Francis Harrington, deceased, should be affirmed.

■ The sole objective of the court in interpreting a will should be to ascertain the intention of the testator from the words of the will, taking into view the circumstances under which it was made. (Prob. Code, §§ 105, 163.) ■ In cases of uncertainty arising on the face of the will, the trier of fact may consider such matters as size of estate, property involved in gift, circumstances of parties and their relation to each other and to testator. (*Estate of Sargavak*, 41 Cal.2d 314, 319 [259 P.2d 897].)

■ Under the facts of this case, we believe that it was correctly determined that the intention of William Francis Harrington as expressed in his will was that his sister Grace Matfield should receive the benefits of his estate for her welfare, care, support, comfort and happiness during her lifetime. The trial court apparently believed from the evidence that there was no intention disclosed in the will to leave any of his estate to the heirs or beneficiaries of the estate of Grace Matfield, and that the will disclosed a contrary intention, namely, that the residue of his estate remaining after dedicating it primarily to the support and care of his sister during her lifetime would be distributed to his granddaughter Judy Farrar.

Under the circumstances, it is unnecessary to determine whether the decedent intended that the discretionary trust for the benefit of his sister was subject to a condition precedent within the meaning of Probate Code, section 142, and had not yet vested when his sister's death made the sole trust purpose impossible of accomplishment; or whether the decedent intended that the discretionary trust for the benefit of his sister was subject to a condition subsequent within the meaning of Probate Code, section 143, and had vested upon the death of the decedent and had been divested when his sister's death made the sole trust purpose impossible of accomplishment.

We believe the trial court correctly determined that the entire purpose intended by the testator was to establish a trust to enable his sister during her lifetime to receive the benefits from his estate for her welfare, care, support, treatment, comfort and happiness with the result that any trust which may have been created was extinguished when this purpose became impossible of accomplishment. (Civ. Code, §§ 871, 2279; see also *Ball* v. *Mann,* 88 Cal.App.2d 695, 699 [199 P.2d 706]; *Cohen* v. *Hellman Commercial T. & S. Bank,* 133 Cal.App. 758, 763 [24 P.2d 960].)

Under the circumstances it is not necessary to determine whether the petition for instructions was filed prematurely.

We find no error in the record.

The judgment is affirmed.

White, P. J., and Drapeau, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.